245 So.2d 26 (1971)
Beatrice Watkins YOUNG
v.
STATE of Mississippi.
No. 46245.
Supreme Court of Mississippi.
February 22, 1971.
Rehearing Denied March 15, 1971.
Charles S. Wright, Jackson, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice.
Beatrice Watkins Young, appellant, was convicted in the Circuit Court for the First Judicial District of Hinds County of the unlawful sale of marijuana.
The evidence for the state amply supports the conviction. Townsend, Narcotics Investigator for the State Highway Patrol, went to a residence in Jackson and purchased *27 from defendant two brown envelopes containing marijuana. Another narcotics agent testified that he had parked his car near defendant's house, observed Townsend entering and leaving the house, and recognized defendant who was on the porch as Townsend was leaving. A toxicologist identified the substance as marijuana. The only witness for the defense was defendant's ex-husband, who testified that defendant was sick that day, he had spent most of the day at her house, he did not see Townsend, and there were two other women in the house part of the time.
The indictment charged that on March 6, 1969, defendant wilfully, unlawfully, and feloniously sold marijuana contrary to the statute. This indictment charged the essentials of the offense. It was not necessary to aver the name of the person who purchased the marijuana. Cf. Lea v. State, 64 Miss. 201, 1 So. 51 (1886) (sale of intoxicating liquor).
An informer apparently advised the police officers that they could purchase marijuana from defendant. The circuit court overruled defendant's motion for disclosure of the informer's identity. Ordinarily, disclosure of the identity of an informer, who is not a material witness to the guilt or innocence of the accused, is within the sound discretion of the trial court. Strode v. State, 231 So.2d 779 (Miss. 1970). On the other hand, where the informer is an actual participant in the alleged crime, the accused is entitled to know who he is. Roviaro v. U.S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, in the instant case the evidence shows that the informer was not an active participant or eyewitness to the offense. The trial court offered defendant's counsel an opportunity to furnish proof as to whether the informer was a participant, but no such evidence was tendered.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.