The appellant Willie T. Saucier was indicted, tried and convicted in the Circuit Court of the First Judicial District of Harrison County, Mississippi, on a charge of armed robbery. He was sentenced to serve a term of five years in the state penitentiary. He has appealed to this Court from the judgment of the trial court and now contends that he was not given a fair trial in the Circuit Court because the verdict of the jury was contrary to the applicable law and evidence introduced before the jury. He also complains that he was not granted a continuance and was denied a special venire; and that the trial court erroneously permitted the prosecution to show other convictions of the appellant before the jury.
The evidence in this case reveals that the alleged victim, who is the prosecuting witness Nehemiah Blakes, and the defendant were engaged in the traffic of illegal homemade "moonshine" whiskey. It is apparent from the record that the appellant was delivering home-manufactured whiskey to Blakes from time to time. Blakes testified that he sought out the defendant in an effort to purchase one hundred gallons of whiskey; that the defendant agreed to let him have this amount, but that he had to go with the defendant to a secluded place to accept the delivery of the merchandise. He said, however, that the defendant took the witness to his place of business and locked him in the building for some time; that later he carried him to a place on an old road and robbed him of six hundred dollars at gun point; that he then walked to a service station, in the rain, and called the officers, and later signed an affidavit charging the defendant with robbery by the use of a firearm.
The defendant admitted that he carried the prosecuting witness to some of the places mentioned by the prosecuting witness. Saucier contended that he was trying to help the witness, Blakes, to find a woman with whom he said Blakes was enamored. The woman was not known by any of the other witnesses who worked for the defendant. The defendant denied having robbed Blakes, but did say that Blakes paid him some money he owed him.
There were witnesses who corroborated Blakes' testimony in several particulars.
The jury accepted the testimony of the State witness and convicted the defendant. A careful reading of the record leads us to believe that the issue was a question for the jury. The jury was the judge of the weight and worth of the testimony and we cannot say that their verdict was against the great weight of the testimony. See: McLelland v. State, 204 So.2d 158 (Miss. 1967).
Saucier complains that he was put to trial at a time when he could not obtain his witnesses and that he was not afforded due process of law. The record shows, however, that the defendant had written the trial judge asking for a prompt trial. On the other hand, his attorneys had requested the trial court for continuances from time to time, and from court to court. However, the defendant was tried on several charges of crime, his own attorneys finally withdrew from the case and it became necessary for the court to appoint other attorneys to represent the defendant. *Page 486 
Whether or not a continuance should be granted in the trial of a case is within the sound discretion of the trial judge, and a judgment will not be reversed unless it appears that there has been an abuse of judicial discretion. King v. State, 251 Miss. 161, 168 So.2d 637 (1964).
In the instant case the defendant did not comply with the requirements of Section 1520, Mississippi Code 1942 Annotated (1956) with reference to filing the proper affidavit; therefore, for that reason, among others, the motion was properly overruled. Dean v. State, 234 Miss. 376, 106 So.2d 501 (1958).
Appellant argues, however, that he was not given a speedy trial because the State of Mississippi did not obtain his release from a Florida prison, and when he was returned to Mississippi he was not given a prompt trial on the charge here involved. The record shows, however, that he was not tried because his attorneys obtained continuances, or because he was being tried for other crimes, or the great hurricane Camille prevented trial of the Circuit Court, or he had fled the jurisdiction of the Harrison County Circuit Court. We cannot say from this record that appellant was denied a speedy trial.
During the trial the attorneys for the defendant moved the court for a ruling to prevent the prosecuting attorney from asking the defendant about his former convictions. The trial judge overruled this motion, and the appellant argues on appeal that this was a reversible error since it prejudiced the jury against the defendant who was his own witness.
Section 1693, Mississippi Code 1942 Annotated (1956) states the following:
 "Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence; and a witness shall not be excused from answering any question, material and relevant; unless the answer would expose him to criminal prosecution or penalty."
We have often held that the prosecuting attorney had the authority to find out on cross-examination whether or not the defendant had been convicted of crime. See authorities cited in Mangrum v. State, 232 So.2d 703 (Miss. 1970). This procedure is for the purpose of demonstrating the credibility of witnesses' testimony.
We think that the trial court acted properly in overruling the motion made by the defendant in an effort to prevent the district attorney from pursuing the authority given by Section 1693, Mississippi Code 1942 Annotated (1956).
The judgment and sentence of the trial court in this case are affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.