279 So.2d 596 (1973)
Thomas Lynn McCORMICK
v.
STATE of Mississippi.
No. 47403.
Supreme Court of Mississippi.
June 5, 1973.
*597 J. Luther Austin, Laurel, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
Appellant McCormick was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Jones County for the sale of a controlled substance, cannabis sativa L., commonly known as marijuana. A sentence of eight years in the state penitentiary was imposed and he appeals to this Court. We affirm.
One Buckhault, a student at the University of Southern Mississippi, was the chief state witness. He was an intern or student in Law Enforcement with the Laurel Police Department where he had been assigned by the University as an undercover agent. He stated that on August 10, 1972, he purchased from appellant a lid of marijuana for the sum of $20, which funds had been supplied by the Narcotics Division. Buckhault stated that he made the purchase at "Roosevelt's" place. A short time prior to the sale, while at Jude's Curb Market, he met a cooperating individual known only as "Will", who introduced him to a third party. Apparently the third party, unidentified in the record, is the person who arranged for appellant to meet and deal with Buckhault. The men rode around Laurel discussing where marijuana might be obtained and returned to Roosevelt's. Allegedly the purchase was made later that night at Roosevelt's by Buckhault, who was dressed as a hippie, after being told by appellant to be there at 8:30.
The first assignment of error is that the trial court erred in overruling appellant's motion for a new trial, which motion was grounded on the contention that the state had not proven guilt beyond a reasonable doubt. We are of the opinion that there was adequate testimony to properly send the case to the jury, and to support the guilty verdict. The jury judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony. Saucier v. State, 259 So.2d 484, 486 (Miss. 1972).
In his brief, appellant contends that appellant was entrapped. This point was not raised in the trial court. However, we point out that where criminal intent originates with the accused, and the state or law officers merely provide an opportunity and the means to consummate a law violation, such action does not constitute entrapment. Hogan v. State, 233 So.2d 786 (Miss. 1970); Miller v. State, 234 So.2d 297 (Miss. 1970). Here also, since appellant denies the act with which he is charged, he cannot be heard to argue entrapment. Hogan, supra, and Reeves v. State, 244 So.2d 5 (Miss. 1971).
The next proposition is to the effect that the court should not have admitted the sample of marijuana into evidence for the reason that the chain of possession was not positively established. Buckhault delivered the substance to one McDonald, a law officer, who together with another officer, Smith, at the Laurel Police Department, wrapped and sealed the substance. The package containing the substance was initialed and dated by Buckhault, who at the trial identified his markings thereon. It was placed for mailing into a cigar box after being sealed with a particular type of *598 "sealing" tape. Said law officers mailed it to the crime lab in Miami, Florida by registered mail with return receipt requested. When the substance arrived at the lab in Miami, Florida, it was received by a clerk named Pike who placed same in a vault. Pike did not testify. There, an employee named Cooper took the sealed package from the vault. He appeared in court and testified that he removed the package and broke the seal himself. Being a qualified chemist, he was permitted to testify that he made examination and chemical analysis of the substance and that in fact it was marijuana. He testified that following his analysis he resealed the package with sealing tape and forwarded same back to the Laurel Police Department. The chemist, Cooper, while testifying, stated that he was the only person who "had broken the seals on this box at any time." He gave this testimony on the witness stand after being handed the box containing the substance while in the witness room waiting to testify.
From the evidence it appears to be undisputed that the package which contained the controlled substance in question was marked and sealed by a Laurel Police Department officer, McDonald, who testified that he did so. The seal was subsequently broken by Chemist Cooper in Miami, who resealed it before mailing it back to Laurel. Cooper, according to his uncontradicted testimony, was the only person who broke either of the two seals placed on the package containing the substance. This witness, Cooper, described the seals as being so made "that if you try to remove one that they shred or come up in little pieces and as you can see it just doesn't do it, and so if somebody were to try to tamper with the box they would have to destroy the seals to do so." Cooper said the substance was in the same condition as it was when he sealed it after his chemical analysis thereof. The testimony is clear that there had been no tampering with the package, and no breaking of the seals, except by the chemist, Cooper, who broke the seals in both instances. That is, he broke the seals placed thereon by the Laurel officer, and later while at court in Laurel he broke the four seals he placed thereon in Miami, Florida after his analysis. Obviously the employee of the Bureau of Narcotics in Miami who received the package and placed it in the vault did not testify but Cooper who removed the package from the vault in Miami did testify.
The issue here is whether or not there was such a gap in the chain of possession as to destroy the probative integrity or evidentiary quality of the contents of the package and cause the marijuana therein to be inadmissible into evidence. In the case before us there was a total absence of any indication or reasonable inference that there was any tampering with the evidence or any substitution of the evidence in question. The affirmative evidence was positive that there was no tampering. We hold that the admissibility of the evidence as qualified and offered rested within the sound judicial discretion of the trial judge. He determined that the substance was admissible. Upon the posture of the evidence revealed by the record, we do not find any reversible error as to this action by the court. Grady v. State, 274 So.2d 141 (Miss. 1973); Wright v. State, 236 So.2d 408 (Miss. 1970).
Argument is also made by appellant that the case should be reversed because of improper questions asked a state witness on direct examination and asked appellant on cross-examination by the district attorney during the trial. The questions complained of were not objected to below and therefore we will not give merit to these contentions on appeal. Peacock v. State, 42 So.2d 232 (Miss. 1949). Certain other questions asked appellant while on cross-examination by the district attorney were objected to by defense counsel. These objections were sustained and no error resulted.
*599 The next proposition is that the trial court erred in not requiring Laurel Police Officer McDonald to reveal the name of the informant whose information led to the obtaining of the evidence from appellant in the case before us. We hold that law officers have a privilege in this regard. Public interest requires that informants ought to be encouraged to transmit information about crime to law officers. Unless the anonymity of the informant is preserved, the transmission of information pertaining to criminal activities will be discouraged. The resulting effect would be to prevent informers from cooperating with law enforcement officials. Informers would not be useful to the state if state officials and/or prosecuting witnesses should be required to identify informers and thereby expose the informer to possible harm by physical violence or to cause him to run the risk of suits being filed against him for defamation or malicious prosecution. We find no error in this regard and we hold that appellant here was not unconstitutionally deprived of the right to confront a witness against him on the ground that the state did not produce the informant as a witness, or did not identify the informant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, rehearing denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967).
Finally, it is contended that the eight year sentence was so cruel or unusual as to be contrary to section 28 of the Mississippi Constitution of 1890. Mississippi Code 1942 Annotated section 6831-70(c)(2) (Supp. 1972) makes the sale of a controlled substance a violation, a felony for which one may be "imprisoned for not more than twenty (20) years, or fined not more than Thirty Thousand Dollars ($30,000.00), or both." Since the sentence imposed here does not exceed the statutory limits, the sentence cannot be either cruel or unusual punishment. Capler v. State, 237 So.2d 445, 451 (Miss. 1970).
This was a well tried case in which appellant was ably and vigorously represented by court-appointed counsel. We find no reversible error and the conviction will stand.
Affirmed.
GILLESPIE, C.J., and SMITH, SUGG and WALKER, JJ., concur.