293 So.2d 419 (1974)
Travis WARD
v.
STATE of Mississippi.
No. 47920.
Supreme Court of Mississippi.
April 15, 1974.
Williams & Williams, Water Valley, for appellant.
A.F. Summer, Atty. Gen., by William D. Boerner, Special Asst. Atty. Gen., Jackson, for appellee.
*420 INZER, Justice:
Appellant Travis Ward was indicted, tried and convicted in the Circuit Court of Grenada County of the unlawful sale of a controlled substance. He was sentenced to serve a term of four years in the State Penitentiary. From this conviction and sentence, he appeals. We affirm.
The evidence on behalf of the state established that on July 21, 1971, appellant sold six bottles of biphetamina, a type of amphetamine, which is a controlled substance, to Fred Sanders for $100. Sanders, an undercover agent for the state, testified that he was introduced to appellant by an unidentified cooperating individual who was present when the sale was consummated. During the cross examination of Sanders, counsel for appellant sought to have Sanders reveal the identity of the cooperating individual to which the state objected. Out of the hearing of the jury, the trial court inquired of counsel why the identity of the unidentified individual was vital to the defense, whereupon counsel stated:
If the Court please, we think we are entitled to know the name of this witness and to know whether or not he is a credible person. We think the defendant has the right to be confronted with witnesses against him and to deny this defendant this right and knowledge will deprive him of the right to cross examine this witness and perhaps other witnesses.
The district attorney insisted that it was important to the state to have the identity of this individual kept secret. Thereupon the court ruled that the witness would not be required to reveal the identity of the individual.
Ronnie White, a special investigator for the Mississippi Highway Patrol, was parked less than 100 yards from the place where the sale was made. He saw appellant get into the car with Sanders and the unidentified individual. He did not hear the conversation and did not see the sale consummated but did corroborate Sanders as to the meeting with appellant.
Appellant did not testify. The only evidence introduced in his behalf was a witness who testified that the pickup truck owned by appellant was of a different color than the one that the witness for the state testified appellant was driving on this occasion.
The principal error assigned, and the only one which merits discussion, is that the trial court was in error in failing to require the state to reveal the identity of the cooperating individual who set the stage, directly participated in and was an eye witness to the alleged sale. We recently addressed ourselves to this question in McCormick v. State, 279 So.2d 596 (Miss. 1973), wherein we stated:
The next proposition is that the trial court erred in not requiring Laurel Police Officer McDonald to reveal the name of the informant whose information led to the obtaining of the evidence from appellant in the case before us. We hold that law officers have a privilege in this regard. Public interest requires that informants ought to be encouraged to transmit information about crime to law officers. Unless the anonymity of the informant is preserved, the transmission of information pertaining to criminal activities will be discouraged. The resulting effect would be to prevent informers from cooperating with law enforcement officials. Informers would not be useful to the state if state officials and/or prosecuting witnesses should be required to identify informers and thereby expose the informer to possible harm by physical violence or to cause him to run the risk of suits being filed against him for defamation or malicious prosecution. We find no error in this regard and we hold that appellant here was not unconstitutionally deprived of the right to confront a witness *421 against him on the ground that the state did not produce the informant as a witness, or did not identify the informant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, rehearing denied, 386 U.S. 1042, 87 S.Ct. 1474, 18 L.Ed.2d 616 (1967). (279 So.2d at 599).
However, the informer privilege is not without limitations. Where the imformer is present and an eye witness to the sale and where the revelation of his identity is essential to a fair determination of the case, the state is required to reveal his identity. Appellant contended in the trial court that the failure to reveal the identity of the cooperating individual deprived him of the opportunity to determine the credibility of that individual and the constitutionally guaranteed rights of confrontation and cross examination of the witness against him. Since the state did not call the informer as a witness to testify against appellant, it is obvious that he was not deprived of his constitutional right to be confronted by a witness against him, and since the information furnished by the informer was not the basis for a search, it is immaterial whether such informer was a credible person. There is nothing in this record to indicate that the revelation of the identity of this informer was essential to a fair determination of this case. Furthermore, if Sanders is to be believed, appellant no doubt knew the identity of the informer. We cannot say that the trial court abused its discretion in refusing to require the state to reveal his identity. Cf. United States v. Davis, 487 F.2d 1249 (5th Cir.1973).
The testimony on behalf of the state in this case, is uncontradicted in any material respect, and it was strictly a jury issue as to whether appellant made the sale as charged. The jury determined this issue under proper instructions, and we certainly cannot say that its verdict is against the overwhelming weight of the evidence.
There being no reversible error in this cause, it must be and is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and SUGG, JJ., concur.