304 So.2d 651 (1974)
Veto MILLS
v.
STATE of Mississippi.
No. 48089.
Supreme Court of Mississippi.
December 16, 1974.
*652 James B. Floyd, III, Tupelo, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Veto Mills was convicted in the Circuit Court of Lee County for the delivery of 2.6 grams of marijuana. He was sentenced to serve 4 years in the State Penitentiary with one year suspended. From that conviction and sentence, he now appeals.
The State offered only one witness to prove the delivery of marijuana charged in the indictment. This witness was an agent for the Mississippi Bureau of Narcotics. He testified that the defendant delivered a small quantity of marijuana to an informer who immediately handed it to him. Although the agent stated that the informer was present at the time of delivery, he was not identified by the State, nor was he called to testify on behalf of the State. The defendant and his brother denied that defendant delivered marijuana either to the informer or the agent.
Defendant first contends that the trial court erred by allowing the agent to testify about an attempt to purchase phenobarbital and seconal from defendant and his brother.
On direct examination of the agent by the district attorney, he was asked if appellant had made any statement to him about drugs in Lee County. When defense counsel objected, the district attorney replied that:
We have to show intent, your Honor. It goes to show that the defendant knew what he was doing, he knew what the drug situation was and he knew that what he was doing was illegal and against the law and he had some knowledge that he had to do it under cover.
The objection was overruled, and on direct examination of the agent, the following transpired:
A. The defendant and his brother stated to me 
BY MR. FLOYD: Your Honor, I object to what his brother stated, his brother is not on trial in this case. BY JUDGE WICKER: It depends on whether or not his brother was present at the time or not. BY MR. BIGGERS:
Q. (Continuing) Mr. Anthony, for the present time we will just confine the testimony of just the defendant himself.
A. Sir, I can't distinguish, I can't say that one of them said one thing and one of them said the other, they were both talking.
Q. Were they both  at the times that you recollect, were they both present?
A. Yes, sir.
Q. They were together?
A. Yes, sir.
Q. What was said in the defendant's presence either by him or his brother about their knowledge of drugs, the drug situation?
A. I attempted to set up a deal of a quantity of Phenobarbital and also some Seconal, I was attempting to set up a deal.
Q. Are these illegal drugs?
A. Yes, sir, they are, they are Schedule III drugs.

*653 Q. When you say, "set up a deal", what do you mean by that, Mr. Anthony?
A. Talking about if they could get me some quantity of Phenobarbital if I wanted to purchase or a quantity of Seconal, a derivative of barbituric acid.
Defendant argues that the above testimony tended to prejudice the jury against him and prevented him from receiving a fair trial. In Sumrall v. State, 257 So.2d 853 (1972), the Court, speaking through Justice Inzer stated:
It is contended by the appellant that the admission of this evidence was highly prejudicial and served no other useful purpose than to prejudice the jury against the defendant. It is a well-settled general rule that the issue on a criminal trial should be single and that the testimony should be confined to that issue and on the trial for one offense the prosecution should not be allowed to aid the proof against the defendant by showing he committed other offenses, even though of a like nature. Cummings v. State, 219 So.2d 673 (Miss. 1969); Ladnier v. State, 254 Miss. 469, 182 So.2d 389 (1966); Brown v. State, 224 Miss. 498, 80 So.2d 761 (1955); Pegram v. State, 223 Miss. 294, 78 So.2d 153 (1955); Floyd v. State, 166 Miss. 15, 148 So. 226 (1933).
There are well recognized exceptions to the foregoing rule which have been given due consideration, but it is our opinion that the evidence relative to the possession of marijuana by the defendant on the day after the alleged sale does not come within any of the exceptions... . (257 So.2d at 854).
The testimony quoted above tended to show that the defendant was engaged in criminal activity other than the crime for which he was indicted by showing his willingness to secure other controlled substances to sell to the agent. It was specifically directed toward defendant's involvement in the crime of conspiracy. Such testimony had no probative value on the question of the guilt or innocence of the defendant as to the crime charged but only served to prejudice the jury. The introduction of this evidence requires a reversal of the case.
Defendant next contends that the court erred when it permitted the district attorney to cross-examine him about his work record for the five years previous to the trial. When the district attorney sought to question defendant about this matter, defense counsel objected, and stated, "... he is going back to when the boy was fourteen years of age and questioning him about his work record." The district attorney, in the presence of the jury, responded to the objection by stating that the testimony showed defendant was trying to "get up some deals" and he was attempting to show that he had a reason to do so. The objection was overruled, and the district attorney was allowed to continue this line of questioning.
Once again, there was injected into the record the inference that appellant was guilty of other offenses. The statement that defendant was "trying to get up some deals," together with the questions propounded to the defendant about his work record, acted to compound the prejudice of the original improper suggestion that appellant was involved in criminal activity other than the specific act for which he was indicted. The defendant was a 19 year old minor and the impression was thus created that he was dealing in controlled substances because of his irregular employment. This may well be true, but under the facts in this case, the interrogation of the defendant about his work record was not relevant and served no purpose other than to prejudice the jury.
Appellant also contends that the court erred in refusing to allow him the opportunity to make a record out of the presence of the jury regarding the identity *654 of the informer. The trial judge sustained the State's objection to this attempt and noted that to allow a record to be made on this particular point would defeat the purpose of the rule whereby the witness is not required to reveal the name of his informant.
The proper rule regarding the circumstances under which the identity of the informer should be disclosed was stated in Young v. State, 245 So.2d 26 (Miss. 1971):
Ordinarily, disclosure of the identity of an informer, who is not a material witness to the guilt or innocence of the accused, is within the sound discretion of the trial court. Strode v. State, 231 So.2d 779 (Miss. 1970). On the other hand, where the informer is an actual participant in the alleged crime, the accused is entitled to know who he is. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)... . (245 So.2d at 27).
The narcotics agent testified that appellant handed the marijuana to the informer who was seated in an automobile next to him and that the informer immediately handed the marijuana to the agent. Under these circumstances, the identity of the informer should be revealed. However, this assignment of error has no merit because the defendant and his attorney were aware of the identity of the informer and of his participation before the trial. See Laughter v. State, 235 So.2d 468 (Miss. 1970).
We have carefully considered all other errors assigned on this appeal and find they are without merit.
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.