313 So.2d 25 (1975)
Ronald HEMPHILL
v.
STATE of Mississippi.
No. 48171.
Supreme Court of Mississippi.
May 12, 1975.
Henry C. Wood, Louisville, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Defendant was convicted in the Circuit Court of Winston County for the sale of LSD and sentenced to serve six years in the penitentiary.
The State used as witnesses at the trial an agent for the Mississippi Bureau of Narcotics and the toxicologist who made a chemical analysis of the capsules purchased by the agent. The agent testified that he purchased ten capsules containing lysergic acid diethylamide on March 13, 1973, from the defendant; that the sale was arranged by a confidential informant; that the confidential informant accompanied the agent to the place of sale, talked to the defendant and was present when the sale was made; that the sale took place at approximately 7:10 p.m. near the Elks Club; and that the confidential informant left the scene with the agent.
Defendant claimed that he was not present in Winston County on March 13, 1973; that he did not make a sale of LSD on that date; and, that he was in Holmes County, Mississippi at the time of the sale in the course of his employment.
Defendant attempted to obtain the name of the confidential informant both before and during the trial so he could be subpoenaed as a witness in the case, but his efforts were unsuccessful. Although the refusal of the State to disclose the identity of the confidential informant is not directly assigned as error, it is apparent from the briefs and record. We therefore notice it as plain error under Rule 6 of the Rules of this Court.
We have held that, where a confidential informant is present and actually participates in the commission of a crime, his identity shall be revealed when requested by a defendant. Hardy v. State, Miss., 313 So.2d 26 (1975); Sims v. State, Miss., 313 So.2d 27 (1975); Mills v. State, 304 So.2d 651 (Miss. 1974); Young v. State, 245 So.2d 26 (Miss. 1971). To the same effect *26 is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
Under the authority of the above cases, we hold that the identity of the informant should have been disclosed and it was reversible error to refuse the request of defendant.
We have considered the other assignments of error, but find no merit in them.
Reversed and remanded.
All Justices concur.
WALKER, Justice (specially concurring):
I concur for the same reasons stated in the specially concurring opinion filed in the case of Sims v. State, No. 48,187 (also handed down this date and not yet reported).
GILLESPIE, C.J., and BROOM, J., join in this specially concurring opinion.