313 So.2d 27 (1975)
James SIMS
v.
STATE of Mississippi.
No. 48187.
Supreme Court of Mississippi.
May 12, 1975.
Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
*28 SMITH, Justice:
James Sims was convicted of the unlawful sale of marijuana, a controlled substance, in the Circuit Court of Lauderdale County and sentenced to serve a term of four years in the penitentiary. He has appealed from that conviction.
Except for a chemical identification of the substance as marijuana, the State's case against Sims consisted of the testimony of a single witness, an agent of the Mississippi Bureau of Narcotics.
The agent testified:
He had received a telephone call from an "informer" at about 4:00 o'clock in the afternoon. He was told by the informer that he, the informer, had arranged a drug deal for that evening and requested that the agent meet him at 8:00 o'clock in the parking lot of a local Junior College. From thence, the agent followed the informer, who drove his own car, to the parking lot of Matty Hersee Hospital. When the agent got there he found the informer engaged in a conversation with Sims, the appellant. The agent said that they engaged in a discussion about a "rather large marijuana transaction." But, according to the agent, Sims said that he could not contact the person from whom he, Sims, intended to buy the marijuana, but told the agent that "he knew where he could get a small quantity," if the agent wanted it. The three, the agent, the informer and Sims together drove from the hospital parking lot to the Esperanza Restaurant. There, the agent testified, Sims went to a nearby apartment and knocked upon the door of "Apartment B." About two minutes later, Sims came back and joined the others, handing to the agent four "lids" of marijuana. All three then returned to the parking lot of Matty Hersee Hospital. From there Sims and the informer drove away together and the agent left in his car.
The defense offered by Sims was in the form of an alibi. In other words, Sims contended and so testified, that he was not present on the occasions testified about by the agent, had not participated in any such transactions and knew nothing about them. Several witnesses supported Sims' testimony that he was elsewhere at the times involved.
At the trial, appellant requested the court to require the State to divulge the identity of the alleged informer. This request was denied by the trial court upon the ground that the informer occupied a privileged and confidential position which *29 should be protected in the interests of society.
We think in so doing, under the facts here, the trial court was in error.
According to the State's version, the informer openly showed himself to Sims, had made all of the arrangements with Sims, accompanied and was present with Sims throughout, and he and Sims drove away together when the transaction had been completed. Obviously, there was nothing secret, confidential or "undercover" about this so-called informer. If the events involving Sims, the informer and the agent transpired as stated by the agent, the informer should have been known to Sims.
But, as stated, Sims' defense was an alibi, that is, no such transactions involving him had taken place at all, as he was elsewhere. It necessarily follows, if that is true, that no informer had participated with Sims in the alleged sale of marijuna as described by the agent. Whether this is actually true or not, we cannot, of course, say, but Sims was entitled to a fair chance to put forward and establish this defense, if it could be done.
We have then, according to the State, an informer who did a great deal more than merely supply information secretly or confidentially to a law officer. The informer in this case, according to the State's version, was present and openly participated throughout in all of the events resulting in the commission of the offense. In fact, he had actually arranged the whole affair. He was an actual eyewitness to the commission of the offense.
In Young v. State, 245 So.2d 26, 27 (Miss. 1971) this Court stated:
An informer apparently advised the police officers that they could purchase marijuana from defendant. The circuit court overruled defendant's motion for disclosure of the informer's identity. Ordinarily, disclosure of the identity of an informer, who is not a material witness to the guilt or innocence of the accused, is within the sound discretion of the trial court. Strode v. State, 231 So.2d 779 (Miss. 1970). On the other hand, where the informer is an actual participant in the alleged crime, the accused is entitled to know who he is. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, in the instant case the evidence shows that the informer was not an active participant or eyewitness to the offense. The trial court offered defendant's counsel an opportunity to furnish proof as to whether the informer was a participant, but no such evidence was tendered.
(Emphasis added).
In McCormick v. State, 279 So.2d 596 (Miss. 1973), this Court declined to reverse upon the ground that the trial court erred in refusing to require disclosure of the identity of an informer. This Court said:
We find no error in this regard (failure to require identification of the informer) and we hold that appellant here was not unconstitutionally deprived of the right to confront a witness against him on the ground that the state did not produce the informant as a witness, or did not identify the informant.
(279 So.2d at 599).
This Court, in considering McCormick, supra, in Ward v. State, 293 So.2d 419 (Miss. 1974), said:
However, the informer privilege is not without limitations. Where the informer is present and an eye witness to the sale and where the revelation of his identity is essential to a fair determination of the case, the state is required to reveal his identity.
(293 So.2d at 421).
While it is true that in Ward the Court reached the conclusion that, under the facts in that case, the conviction should not be reversed, it again made the critical distinction between those cases in which disclosure of an informer's identity is required *30 and those in which disclosure rests within the sound discretion of the trial court.
The rule is again stated in Veto Mills v. State of Mississippi, 304 So.2d 651 (Miss. 1974).
Under the circumstances of this case, the State should have been required to reveal the identity of the so-called informer, who actually witnessed and took part in the events described by the agent, in order that Sims might have been afforded a fair opportunity to establish, if he could, whether (1) the informer would identify Sims as the person who made the sale; (2) would testify that Sims was not the person involved; or (3) whether in fact, any such person as the alleged informer could be produced. To have required the State to do this in the present case would not have violated any confidential obligation on the part of the State to keep secret the identity of an undercover or secret informer since, according to the agent's own testimony, participation of the informer was open and not secret. The status of the so-called informer in this case is the same as that of any other eyewitness to the commission of an alleged crime.
The trial court was in error in refusing to require disclosure of the identity of this alleged witness, and for that reason the case must be reversed and the case remanded.
On retrial, as a cautionary measure, we reiterate what we have said on many former occasions, testimony should not be given tending to show that the defendant has committed offenses other than that for which he is on trial.
Reversed and remanded.
All Justices concur.
RODGERS, Presiding Justice (concurring):
I agree with the holding in the majority opinion in this case. I also agree that the identity of a reliable informer may be withheld from the jury in a proper case.
If a reliable informer tells the officers: "If you go yonder you will find" a certain crime or evidence of a certain crime, the identity of the informer may be withheld. On the other hand, if a reliable informer tells the officers: "Come with me and I will help you apprehend the criminal" and takes part in the activity of the police, or the informer becomes a witness to the facts constituting the crime, he becomes a witness whose presence at the trial may be required by the defendant as a constitutional right to be "confronted with the witnesses against him." U.S.Const. Amend. VI; Miss.Const. § 26.
We should, therefore, differentiate between persons who are simply informers and those whose activity or knowledge makes them witnesses to the crime for which the defendant is being tried.
WALKER, Justice (specially concurring):
The question of whether the identity of a confidential informant, cooperating individual or undercover agent should be made known to a defendant has been a topic of discussion by the Court over a period of many years. Until recently, however, it was a rare occasion that the name of such person was required to be revealed.
What is referred to as the informant's privilege is in reality the privilege of the state to withhold the identity of persons who furnish information to officers charged with enforcement of the law. Generally, there is a privilege to withhold the identity. The purpose of this privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. The purpose is *31 not to protect the informant but to protect the public interest by effective enforcement and prosecution of the criminal laws of this State particularly as they relate to violations involving controlled substances or narcotics. Recognition of the need for police utilization of undercover activity has been expressed many times by the Supreme Court of the United States. In Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), Chief Justice Warren, speaking for the Court, said:
... it has long been acknowledged by the decisions of this Court, ... that, in the detection of many types of crime, the Government is entitled to use decoys and to conceal the identity of its agents. (385 U.S. at 208, 209, 87 S.Ct. at 426).
Although the use of informants is invaluable to the solution of all classifications of crimes, a bulk of the reported judicial decisions concerns informant utilization and the enforcement of laws, such as those directed against gambling, prostitution and the illegal sale and use of liquor and narcotics, where a complaining witness is rare. Indeed, it has been estimated that ninety-five percent of all Federal narcotic cases are obtained by the work of paid or unpaid informants.[1]
Because of the personal danger involved to the undercover agent and the potential danger to his family, in the event that his identity is revealed, it is most difficult to recruit persons for this type of duty. Additionally, it involves large outlays of money and is time consuming, often taking several months for an undercover agent to infiltrate the drug culture of a particular community. Once this outlay in time and money has been undertaken, and an infiltration of the drug culture accomplished, the agent's talents should be utilized to the fullest and his identity not revealed unnecessarily. It is essential to the proper enforcement of the law of this State and the protection of the agents that their identity be kept secret and confidential whenever possible.
I concur in the results reached in this opinion and Ronald Hemphill v. State of Mississippi, Miss., 313 So.2d 25 and Fred Hardy, Jr. v. State of Mississippi, Miss., 313 So.2d 26 also being handed down today.
However, in my opinion, it is not necessary in every case where the informant is an eyewitness to the illegal transaction to require that his identity be revealed. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), does not go that far. My views are amply expressed in State v. Taylor, 508 S.W.2d 506 (Mo. App. 1974) where the defendant sought disclosure of an informant who was present at the crime and introduced the state agent to the defendant from whom a quantity of narcotics was purchased. The defendant asserted entrapment as a defense at trial and on appeal he argued that disclosure of the informant would be relevant and helpful to the defense and was essential to a fair trial. In determining that the trial court did not abuse its discretion in failing to require disclosure, the Court stated:
Taking into consideration the circumstances of this case and the "flexible" standards as set forth in Roviaro, we believe that the trial court did not err in denying the request for disclosure. The "informer" who was present at the transaction was not the sole witness or participant, as in Roviaro, supra. As pointed out by Judge Sirica in City of Burlington, Vermont v. Westinghouse Electric Corp., 246 F. Supp. 839, 844 (D.C. 1965), "The informer [in Roviaro] was the sole participant, other than the accused, in the transaction alleged. He was the only witness in a position to amplify or contradict the testimony of Government witnesses. Obviously, in order to prepare his defense it was necessary *32 ... to obtain the identity of the informer... ."
Some decisions have held that where the informant "participates" in the transaction the identity should be disclosed. See cases collected in Annot., 76 A.L.R. 2d 262, 287 (1961); 8 Wigmore, Evidence (McNaughton rev. 1961), § 2374. But participation alone is not sufficient to require disclosure. Analysis of these decisions indicates that where there is participation plus other factors, such as mistaken identity, contradictory testimony, or a denial of the accusation, or where the informant is the sole witness, then for purposes of fairness the identity may be required to be disclosed. But such is not the situation here. The informant was not the sole participant. There was no question about the identity of the defendant or the contents of the capsules or the defendant's lack of knowledge of the contents of the capsules. Officer Robinson testified. He was under oath. He was subject to cross-examination. The trial judge was obviously satisfied and he exercised his discretion to respect the informer's privilege. McCray v. Illinois, supra, 386 U.S. at 303, 87 S.Ct. 1056.
Furthermore, reliance on the identity of the informer was not essential to establish guilt, Officer Robinson was present and testified as to the facts of transferring the money and accepting the capsules. He was an eye witness to the transaction.
Under all the circumstances we cannot say that the identity of the informant was "essential to a fair determination" of the cause and that the trial court erred in denying disclosure. (508 S.W.2d at 512-13). (Emphasis added.)
In State v. Thompkins, 515 S.W.2d 808 (Mo. App. 1974), it was held that the trial court did not err in refusing to require the state to divulge the identity of a police informant under the test of fundamental requirements of fairness. The informant was present at the time of the alleged sale of narcotics but was never called by the state as a witness even though he introduced the police officer (the state's chief witness) to the defendant. The Court refused to allow the defendant for the first time on appeal to raise as a defense disclosure of the informant's identity as a means of casting doubt on the police officer's positive identification of appellant, where, in the trial court, appellant predicated his right to disclosure on the ground that he was entitled to the names of all persons present at a conversation testified to by the police officer between the officer and the appellant at the time of the sale.
This is not to say that there are not proper cases where under "fundamental fairness" disclosure of a confidential informant is warranted. I only point out that sufficient evidence must be presented to the trial judge who makes the initial determination of whether "fundamental fairness" dictates disclosure. Absent compelling reasons and circumstances, other than the fact that an informant was merely present at the commission of the crime, the public interest in protecting the flow of information should be upheld.
GILLESPIE, C.J., and BROOM, J., join in this specially concurring opinion.
NOTES
[1] Rissler, The Informer's Identity at Trial, 44 F.B.I. Law Enforcement Bulletin, No. 2, 21, February, 1975.