313 So.2d 26 (1975)
Fred HARDY, Jr.
v.
STATE of Mississippi.
No. 48186.
Supreme Court of Mississippi.
May 12, 1975.
Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
Fred Hardy, Jr. was indicted, tried and convicted in the Circuit Court of Lauderdale County of selling marijuana to David Allen Gross. He was sentenced to serve a term of six years in the Mississippi State Penitentiary.
The principal assignment of error was that the court erred in not requiring the state to disclose the name and address of the confidential informant to the defendant.
The state offered only one witness, David Gross, an undercover agent for the Mississippi Bureau of Narcotics, who first identified the defendant and then testified that he purchased marijuana from him.
The defendant took the stand in his own defense and testified that he was not at the Lover's Lane Nightclub between 12:00 *27 o'clock noon and 1:00 o'clock p.m. on November 16, 1973, did not know David Gross, had not seen him on November 16 and, therefore, could not have made a sale of marijuana to him on November 16, 1973.
Linda Jackson, the defendant's girl friend, testified that he was shopping with her from 12:00 o'clock noon to 1:15 p.m. on November 16, 1973, and was not at the Lover's Lane Nightclub. Two other witnesses testified that on November 16, 1973, they drove up to the nightclub about 12:00 noon, that it was locked up and they waited in their car until 12:45 p.m. for Fred Hardy, the defendant, that he never arrived, and they finally left without ever seeing him.
The testimony of David Gross, the state's only witness, was that he and the confidential informant went to the Lover's Lane Nightclub, the place of the alleged sale, about 12:00 o'clock noon on November 16, 1973, that the confidential informant arranged the sale with the defendant, placed the order for Agent Gross and witnessed the actual sale of the marijuana by the defendant to Gross. It is clear from the testimony of the state's only witness that the confidential informant was not merely an informer, but was an actual participant in, and an eye witness to, the alleged crime.
This case is controlled by Mills v. State, 304 So.2d 651 (Miss. 1974); and Young v. State, 245 So.2d 26 (Miss. 1971). Two other cases on this same point are Hemphill v. State, Miss., 313 So.2d 25 and Sims v. State, Miss., 313 So.2d 27 (No. 48,187). Opinions in Hemphill and Sims are also being handed down today.
We also said in Ward v. State, 293 So.2d 419 (Miss. 1974):
"Where the informer is present and an eye witness to the sale and where the revelation of his identity is essential to a fair determination of the case, the state is required to reveal his identity." 293 So.2d at 421.
The trial court erred when it refused to require the state to disclose the identity of an active participant and actual witness to the crime, and for that reason the case must be reversed and the cause remanded for a new trial.
Reversed and remanded.
All Justices concur.
WALKER, Justice (specially concurring):
I concur for the same reasons stated in the specially concurring opinion filed in the case of Sims v. State, No. 48,187, Miss., 313 So.2d 27.
GILLESPIE, C.J., and BROOM, J., join in this specially concurring opinion.