422 So.2d 289 (1982)
John DANIELS
v.
STATE of Mississippi.
No. 53853.
Supreme Court of Mississippi.
November 24, 1982.
*290 Travis Buckley, Dan C. Taylor, Ellisville, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
John Daniels was indicted, tried and convicted in the Circuit Court of Covington County, Honorable L.D. Pittman, presiding, for sale of a controlled substance. He was sentenced to serve a term of six (6) years with the Mississippi Department of Corrections and has appealed, assigning the following errors in the trial below:
(1) The trial court erred in refusing the appellant's requested instruction for a directed verdict after having established unrebutted evidence of entrapment.
(2) The trial court erred in not requiring disclosure of the identity of the police informant involved in the illegal sale.
On April 17, 1980, the Mayor of Collins, Mississippi; Lloyd Jones, Sheriff of Simpson County; Wade Parham, a criminal investigator for the district attorney's office in the circuit court district; and two narcotics investigators from Hattiesburg, Randy Johnson and Raymond Dear; met north of Collins for the purpose of working on a controlled substance case. Also present was an informant, whose identity was not disclosed.
Upon information received from the confidential informant, Mayor Blackwell of Collins supplied three hundred dollars ($300.00) in cash and Investigator Magee and Sheriff Jones marked the bills with their initials. Agent Johnson, accompanied by the informant, went to the appellant's home. They were trailed there by Agents Dear and Parham in an unmarked car. Upon arrival at appellant's home, the informant, acting upon the direction of Agent Johnson, went into the house to get Daniels in order that Agent Johnson could purchase drugs from him. Johnson waited in the vehicle, and after approximately five minutes, the informant and Daniels came out and the informant introduced them. Daniels had a broken leg, wore a cast on it, and walked with crutches. About this time, appellant's mother came home and Daniels went back inside and stayed for approximately five minutes. His mother left the building, and appellant came back outside *291 with a brown paper sack. He got into the vehicle with Johnson and the informant, and they drove in and around Collins for approximately forty-five (45) minutes, finally stopping on Highway 84. The informant emerged from the car to answer a call of nature, and, in this interim, Agent Johnson bought one hundred sixty-seven (167) assorted pills from appellant. Agent Johnson and the informant returned appellant to his home and met with the group of officers on U.S. Highway 49 where the contraband was delivered to the mayor.
Sheriff Jones and the other officers went to the appellant's home where they arrested him. Upon searching his person, the marked money was found in his pockets. This series of incidents occurred between 12:40 and 2:00 p.m. Laboratory tests confirmed that a large part of the contraband constituted controlled substances.

I.

Did the lower court err in refusing appellant's requested instruction for a directed verdict because of entrapment?
At the trial, the State's case indicated facts substantially as those related above. Appellant testified that the informant and another individual by the name of Jimmie Dickens came to his house before the arrest. Appellant did not know the informant, and Dickens introduced them, referring to the informant as "Don." Appellant said that the two men came to him because the informant Don wanted to borrow two hundred dollars ($200.00) and that he left with appellant a bag of legal pills "that you could not be arrested for." According to Daniels, he gave them the $200.00, they left, and he took the bag of pills because they were to assure the return of his money. Appellant's mother corroborated the fact that Jimmie Dickens and another male visited her son around 5:00 p.m. the day before his arrest. Appellant testified that the next time he saw the informant was on the day he was arrested. Appellant said that the informant Don and the agent came to his house, Don came in, and said that he had the money for him, and also that he wanted to get some stuff out of the bag. The informant got some of the drugs, and then asked if Daniels wanted to go for a ride. Appellant agreed, and they took the bag and left with the agent. According to appellant, the informant never got out of the truck, but sitting between them, the informant gave the bag of pills to the agent, who then gave the informant the money, and the informant handed Daniels the money and said, "Here's the $200.00 back I owe you." Afterwards, they drove back to appellant's home and in about five minutes, the police came and arrested him.
On cross-examination, appellant admitted exchanging the pills for the money, but claimed that it was strictly repayment of the $200.00 loan. He said he has a friend, one Charles Hughes, who sells caffeine pills legally, and he believed the informant Don when he said the pills were legal.
The State raises the question as to whether or not appellant raised the defense of entrapment, because one who denies the act which constitutes entrapment cannot afterwards claim entrapment as a defense. Pace v. State, 407 So.2d 530 (Miss. 1981); McCormick v. State, 279 So.2d 596 (Miss. 1973).
Even though appellant testified that he believed the pills to be legal, in our opinion, he may still set up the defense of entrapment. The lower court held that such defense was properly raised.
In Tribbett v. State, 394 So.2d 878, 882 (Miss. 1981), the Court said:
The usual entrapment case which arises under Mississippi law involves a confidential informant or police officer who originates the sale of contraband by supplying it to the accused, who then, acting in complicity with the confidential informant or police officer, sells or disposes of it to another officer or person who initiates the prosecution.
See also Epps v. State, 417 So.2d 543 (Miss. 1982) and Sylar v. State, 340 So.2d 10 (Miss. 1976).
The appellant made out a prima facie case of entrapment by his testimony, *292 which was partially corroborated by his mother. It then became the duty and responsibility of the prosecution to rebut and overcome that prima facie case by introducing the confidential informant and Agent Randy Johnson. The State is responsible for the undenied actions of its informant and officers when the defense of entrapment is raised. Torrence v. State, 380 So.2d 248 (Miss. 1980). The State failed to introduce the confidential informant, without making any explanation therefor. Although Agent Randy Johnson testified on the State's case in chief, the appellant implicated him in the entrapment process and testified that Agent Johnson gave the $200.00 to the confidential informant who then handed it to the appellant, with the statement, "Here's the $200.00 back I owe you." The State failed to call Agent Johnson to the stand in rebuttal to refute that statement and other testimony involving Agent Johnson in the alleged entrapment.
Since the testimony of the appellant is uncontradicted and the defense of entrapment was not rebutted or overcome, the appellant should have been granted a peremptory instruction for a directed verdict of not guilty and should have been discharged.

II.

Did the lower court err in not requiring disclosure of the identity of the police informant involved in the sale?
The principle is established that the identity of the confidential informant is not required to be disclosed, if he simply is used as an informant and is not a participant in the investigation or purchase of contraband. In the case sub judice, the informant was active in the actual purchase of the contraband and was a witness to certain facts. The appellant was entitled to know his identity in order to call him as a witness and possibly to confirm his testimony. The fact that the State did not disclose his name, even though the prosecution could give no reason for not doing so, and the fact that he was not called by the State, lends some suspicion to the informant.
In Sims v. State, 313 So.2d 27 (Miss. 1975), in a concurring opinion, Justice Rodgers distinguished an informant from a participant:
If a reliable informer tell the officers: "If you go yonder you will find" a certain crime or evidence of a certain crime, the identity of the informer may be withheld. On the other hand, if a reliable informer tells the officers: "Come with me and I will help you apprehend the criminal" and takes part in the activity of the police, or the informer becomes a witness to the facts constituting the crime, he becomes a witness whose presence at the trial may be required by the defendant as a constitutional right to be "confronted with the witnesses against him." U.S. Const. Amend. VI; Miss. Const. § 26. [313 So.2d at 30].
See Hemphill v. State, 313 So.2d 25 (Miss. 1975) and Hardy v. State, 313 So.2d 26 (Miss. 1975).
The lower court erred in failing to require the State to identify the confidential informant.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.