# IN THE COURT OF APPEALS 04/08/97

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00809 COA

MARY BALDWIN A/K/A MARY T. BALDWIN A/K/A MARY THERESA BALDWIN A/K/A "LADY BUG"

APPELLANT

 v.

 STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. FRANK G. VOLLOR

COURT FROM WHICH APPEALED: WARREN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

FRANK J. CAMPBELL

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS, JR.

DISTRICT ATTORNEY: GILMORE G. MARTIN

NATURE OF THE CASE: CRIMINAL - SALE OF A CONTROLLED SUBSTANCE

TRIAL COURT DISPOSITION: CONVICTED AND SENTENCED TO SERVE A TERM OF 40 YEARS IN THE CUSTODY OF THE MDOC

EN BANC

COLEMAN, J., FOR THE COURT:

Mary Baldwin was convicted in the Warren County Circuit Court of selling cocaine. She was sentenced as a second or subsequent drug offender to serve a term of forty years in prison. On appeal, she asserts that she was denied a fair trial and asks that we overturn her conviction because (1) the indictment failed to provide the name or legal description of the purchaser; (2) the name of the alleged purchaser was not provided until 24 days prior to trial and did not include an address; and (3) the result of the two aforementioned errors results in trial by ambush.

We find that Baldwin's first issue is without merit and the remaining issues are procedurally barred because they were untimely made. Consequently, we affirm the decision of the trial court.

Baldwin's first issue raises the question of whether the indictment was defective. We are not persuaded that the indictment for the sale of cocaine was defective because it failed to state the name of the alleged purchaser. The court in *Jenkins v. State*, 308 So. 2d 95, 98 (Miss. 1975), held that "the identity of a person to whom contraband is delivered is not essential to an indictment for a 'sale' . . . ." *Accord Young v. State*, 245 So. 2d 26, 27 (Miss. 1971) (in sale of marijuana case, "[i]t was not necessary to aver the name of the person who purchased the marijuana.").

Baldwin next complains that providing the name only, and not the address, of the alleged purchaser just twenty-four days before trial is a violation of discovery. However, Baldwin never complained to the trial court about either the sufficiency or the timeliness of the State's response prior to her motion for new trial. In failing to do so, Baldwin has waived the issue. *Nathan v. State*, 552 So. 2d 99,108 (Miss. 1989). *Accord Hart v. State*, 639 So. 2d 1313, 1317 (Miss. 1994).

Finally, Baldwin claims that the cumulative effect of the defective indictment and insufficient and untimely discovery responses resulted in a trial by ambush. Since she did not raise this "cumulative error" argument in the trial court, however, she may not raise it now. A trial judge may not be found to be in error on an issue which was not presented to him for consideration. *Howard v. State*, 507 So.2d 58, 63 (Miss. 1987). "[F]ailure to make a contemporaneous objection at trial constitutes a waiver of any error subsequently assigned." *Moawad v. State*, 531 So.2d 632, 634 (Miss. 1988). Therefore this assignment of error is procedurally barred from review.

Furthermore, Baldwin's argument substantively as well as procedurally fails because she has failed to show that she was denied a fair trial. In *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977), the Court held that "[t]here is a presumption that the judgement of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to this Court." Baldwin has failed to overcome that presumption.

Given the foregoing reasoning, we find that the trial court did not abuse its discretion in denying Baldwin's motion for a new trial. Accordingly we affirm Baldwin's conviction.

**THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF SALE OF**

**COCAINE AS A SECOND OR SUBSEQUENT DRUG OFFENDER AND SENTENCE OF FORTY (40) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVE TO ANY PREVIOUSLY IMPOSED SENTENCE AND SUSPENDED FINE OF $1,000.00 IS AFFIRMED. COSTS ARE ASSESSED TO WARREN COUNTY.**


**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**