724 So.2d 1028 (1998)
Terrell BRACEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01391 COA.
Court of Appeals of Mississippi.
December 18, 1998.
*1030 G. Garland Lyell, III, Jackson, Attorney for Appellant.
Office of the Attorney General by Jeffrey Klingfuss, Attorney for Appellee.
BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.
HINKEBEIN, J., for the Court:
¶ 1. Terrell Bracey appeals from his conviction in the Circuit Court of Hinds County of sale of cocaine in violation of Miss.Code Ann. § 41-29-139 (Rev.1993). The trial court sentenced Bracey to serve twenty-five years in the custody of the Mississippi Department of Corrections. On appeal he raises the following issues:
ISSUE ONE:
THE APPELLANT FAILED TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
ISSUE TWO:
THE TRIAL COURT ERRED IN NOT REQUIRING THE STATE'S WITNESS TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT.
ISSUE THREE:
THE TRIAL COURT ERRED BY NOT INQUIRING, ON THE RECORD, WHETHER OR NOT THE APPELLANT DESIRED TO TESTIFY IN HIS OWN DEFENSE.
¶ 2. We find no error and affirm the conviction and sentence.

FACTS
¶ 3. On March 10, 1994, Chris McMillin, an undercover agent with the Mississippi Bureau of Narcotics, was attempting to buy illegal drugs from street level dealers in the Jackson, Mississippi area. Agent McMillin called the pager number given him by a confidential informant. The call was returned and a meeting was planned with "Shorty". The meeting took place in the parking lot of the Wendy's restaurant on Woodrow Wilson Boulevard near North State Street.
¶ 4. Agent McMillin and the confidential informant met the individual known as "Shorty" and purchased 2.4 grams of crack cocaine in the form of fourteen rocks for $200. A tape recording was made of the transaction. Agent Scott Biggers of the Bureau of Narcotics was observing from a nearby location. At trial, Agent McMillin testified that he later learned that the person known as "Shorty" and from whom he purchased the drugs was Terrell Bracey.
¶ 5. Joe Lee Williams of the Mississippi Crime Lab testified at trial that the substance in question was cocaine.

DISCUSSION

DID THE APPELLANT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS?
*1031 ¶ 6. In his argument that his trial counsel was ineffective, Bracey alleges nine specific deficiencies of counsel:
1. Failure to compel discovery of the name of the confidential informant;
2. Failure to make a speedy trial claim based on pre-indictment delay;
3. Failure to make a Batson challenge to the selection of the jury;
4. Failure to request that the trial judge advise him of his right to testify;
5. Failure to file a motion for new trial or JNOV;
6. Failure to interview, subpoena or call any witnesses;
7. Failure to include voir dire, opening, and closing statements in the record on appeal;
8. Failure to object to hearsay testimony;
9. Failure to request a pre-sentence investigation or sentencing hearing.
¶ 7. Our standard of review in determining ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As our supreme court stated in Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990):
Before counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient, and (2) that the defendant was prejudiced by his counsel's mistakes ... Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, "the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result would have been different. A reasonable probability is sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 684, 104 S.Ct. at 2068.
In Lambert v. State, 462 So.2d 308, 316 (Miss.1984), the court stated:
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perception at the time.
(citations omitted).
¶ 8. As is raised in a separate assignment of error, defense counsel, during the cross-examination of Agent McMillin, asked the name of the confidential informant and the court sustained the objection of the State to disclosure of this information. Although defense counsel was not successful in having the name of the informant introduced at trial, the record does not definitively show that counsel or Bracey were not aware of the identity of the informant. Neither discovery requests nor responses are a part of the record in this case.
¶ 9. Even if the identity of the confidential informant was not known, the appellant does not show how this would result in prejudice to him. Based on the testimony of the officers present at the buy, it is difficult to imagine that the confidential informant would have information which would be beneficial to the appellant.
¶ 10. In this case there was a twenty-one month delay between the date of the offense and the date of the indictment with an additional two month delay until Bracey was arrested. The purchase of drugs occurred on March 10, 1994, but the facts were not presented to the grand jury until December 1995. The indictment was returned on December 18, 1995.
¶ 11. In order to prevail on a delay in bringing the indictment, the defendant must prove that the government's delay in bringing the indictment was a deliberate device to gain a tactical advantage at trial and that it caused actual prejudice. Hooker v. State, 516 So.2d 1349, 1354 (Miss.1987). See also U.S. v. Gouveia, 467 U.S. 180, 184, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984). There is no *1032 suggestion that Bracey would have been successful in raising such a claim and we cannot fault counsel for failing to raise the issue.
¶ 12. As counsel duly notes: "The record is void of any Batson information." Attached to appellant's brief is a copy of the circuit court jury panels in this case. There it is indicated that the State exercised five challenges and that four of these were to challenge black persons. Since this was not made part of the record this Court cannot consider it. Ross v. State, 603 So.2d 857, 861 (Miss.1992).
¶ 13. Under Batson v. Kentucky, 476 U.S. 79, 96-97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the defendant must show (1) that he is a member of a cognizable racial group (2) that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race and (3) that these facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude venire men on account of their race. Even if we were to accept that Bracey is black and that certain jurors were excluded, there is no indication of purposeful discrimination. We cannot find fault with the defense counsel based on an incomplete record and pure speculation.
¶ 14. Bracey next faults his counsel for failing to have the court inquire on the record whether or not he wished to testify in his own defense. Bracey has attached to his brief an affidavit in which he states that he wanted to testify. Again, this is not part of the record. What the record does show is that defense counsel did ask the trial court for time to confer with his client on whether he wished to testify. Bracey did not testify and no other witnesses were called.
¶ 15. In Culberson v. State, 412 So.2d 1184, 1186-87 (Miss.1982), the supreme court suggested to trial judges that a record should be made concerning a defendant's waiver of his right to testify so that no question should arise in future cases. It would have been better in this case if the trial judge had followed Culberson, but we cannot fault defense counsel for the court's failure. Significantly, Bracey does not contend that he was not advised of his right to testify only that if asked he would have testified.
¶ 16. As the State points out in its argument, if Bracey had chosen to testify it could have had an adverse effect. The jury had already heard the tape recording of the drug sale and would have been able to compare the voice on the tape with that of Bracey. On the limited record we have, we cannot conclude that trial counsel was deficient or that prejudice resulted.
¶ 17. It may be that counsel did not file a motion for new trial or JNOV, but the record does show that the court heard the motion and entered an order denying the motion. As the State points out, the motion was likely made ore tenus and this in no way reflects adversely on defense counsel.
¶ 18. Next, Bracey argues that counsel failed to interview, subpoena, or call any witnesses. The record is clear that no witnesses were subpoenaed or called by the defense. We are left to speculate as to whether counsel did or should have interviewed any witnesses. Bracey has not indicated that there were other witnesses with relevant information on a possible defense.
¶ 19. The decision whether to include voir dire and the opening and closing statements is a choice which has to do with whether these portions of the trial are relevant to any issues which counsel will raise on appeal. Bracey is not appealing in forma pauperis and therefore would be responsible for the cost of having these presumably unnecessary portions of the record transcribed. No argument is made that these are necessary to a determination of the appeal or that any prejudice resulted. New counsel could have requested that the record be supplemented, if necessary.
¶ 20. Bracey also complains that trial counsel failed to object to Agent Biggers' testimony that "the person named Shorty was Terrell Bracey." While there may have been a basis to object to Agent Biggers' testimony under M.R.E. 802, Agent McMillin had already identified the appellant as the man who sold him cocaine and testified that he learned the name of the man from the confidential informant. Under these circumstances, *1033 we cannot conclude that failing to object was not a strategic choice or that any prejudice resulted.
¶ 21. Finally, Bracey argues that counsel should have requested a sentencing hearing in order to offer mitigating factors concerning the sentence. A pre-sentence investigation is not a matter of right. Hart v. State, 639 So.2d 1313, 1320 (Miss.1994). If there were mitigating factors to be presented, we have not been told. It is equally possible that a pre-sentence investigation and hearing would have uncovered derogatory information concerning Bracey.
¶ 22. As is pointed out by Bracey, the ultimate focus of any inquiry under Strickland is on the fundamental fairness of the proceedings. Although Bracey has raised many questions about the proceedings, he has not provided us with any record evidence to support a claim under Strickland. We reject his assignment of error.

DID THE TRIAL COURT ERR IN NOT REQUIRING THE STATE'S WITNESS TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT?
¶ 23. As previously related, during the testimony of Agent McMillin, defense counsel asked, "What is the name of this cooperating individual?" Objection was raised by the State, and the court sustained the objection. No further record or discussion was made.
¶ 24. On appeal, Bracey cites to Hemphill v. State, 313 So.2d 25, 26 (Miss. 1975), wherein the supreme court stated that "where a confidential informant is present and actually participates in the commission of a crime, his identity shall be revealed when requested by a defendant." (citations omitted). It is indeed the rule that a defendant is entitled to know the name of the confidential informant upon proper request. But this is entirely apart from the question of whether the identity of the person must be revealed at trial in open court.
¶ 25. If we are to consider this as a violation of discovery, which is what the rule in Hemphill is about, then the appellant has failed to follow the procedure and the issue is waived, as the State suggests. An accused's remedy is to seek a continuance or waive the issue. Dowbak v. State, 666 So.2d 1377, 1385 (Miss.1996). It appears that the issue under consideration falls under the question of the admissibility of evidence. A trial judge has considerable discretion over the admission of evidence. Without a showing of prejudice, we cannot say that the trial judge abused his discretion in refusing to admit this proposed evidence. Although unstated, the safety and continuing viability of a confidential informant are strong considerations by the trial court.

DID THE TRIAL COURT ERR BY NOT INQUIRING, ON THE RECORD, WHETHER OR NOT THE APPELLANT DESIRED TO TESTIFY IN HIS OWN DEFENSE?
¶ 26. As previously noted, the supreme court in Culberson v. State recommended that trial courts make an on the record determination of the defendant's desire to testify. Bracey has attached an affidavit to his brief, stating that had he been asked he would have told the judge that he wanted to testify.
¶ 27. The record shows that at the close of the State's case defense counsel asked for a break because "I just need to ask my client if he wants to take the stand." After the recess, defense counsel informed the court that no witnesses would be called. The jury was then brought in and defense counsel rested the case in front of the jury. At no time during these proceedings did Bracey indicate that he wanted to testify.
¶ 28. Bracey does not claim that his trial counsel prevented him from testifying. See Jaco v. State, 574 So.2d 625, 635 (Miss.1990). He also does not claim that he was not advised of his right to testify. See King v. State, 679 So.2d 208 (Miss.1996). The evidence of the trial record that defense counsel conferred with Bracey concerning his desire to testify is more persuasive than his after-the-fact affidavit that he would have said he wanted to testify if asked by the judge.
¶ 29. We find no reversible error.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF *1034 CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.
THOMAS, P.J., NOT PARTICIPATING.