MYERS, J.,
for the Court:
¶ 1. Jason Hicks was convicted in the Coahoma County Circuit Court on the charge of theft of anhydrous ammonia and sentenced to five years in the custody of the Mississippi Department of Corrections with two and one-half years of that to be *305 served under post-release supervision. On appeal, Hicks assigns error to the trial court’s refusal to compel the release of the name of a national guardsman who assisted the arresting officers in observing the crime and making the arrest. Finding no error, we affirm.
FACTS
¶ 2. In the early morning hours of October 7, 1999, Hicks and Billy Lee Smith entered the property of Gerald Tedford in Coahoma County, Mississippi. The two were riding in a truck driven by Dickey Wilson. Hicks and Smith exited the vehicle and walked to a large storage tank containing anhyrous ammonia. Smith then served as a lookout while Hicks filled a cooler with liquid from the tank. During this time, the tank was under surveillance by two sheriffs deputies, Chris Doss and-Billy Baker, and members of the Army National Guard. One of the national guardsmen was videotaping the theft with a night vision camera.
¶ 3. The deputies, who were watching the theft with the aid of night vision goggles, followed Hicks and Smith as they walked away with the stolen liquid. When the deputies directed their flashlights on Hicks and Smith, the suspects dropped the cooler and ran into a nearby field. Once in the field, the assailants dropped to the ground in an effort to evade capture. However, Hicks was apprehended immediately. Smith was arrested a few hours later on nearby Highway 61.
¶ 4. At trial, Smith and Wilson both testified against Hicks as part of their plea bargain agreements. The two deputies who observed the crime also testified against Hicks. The first of them to testify was Chris Doss. On cross-examination, Hicks questioned Doss as to the identity of the national guardsman who filmed the theft. The State objected, informing the judge that the national guardsmen who helped out in the operation wished to remain anonymous. Hicks argued that allowing the testifying witness to withhold the names of other persons who were witnesses to the crime would constitute a violation of his Sixth Amendment right to confront adverse witnesses. The State countered that because the national guardsman who made the video had not been called to testify, no violation of Hicks’s rights would result from the nondisclosure of the national guardsman’s identity. The State also averred that Hicks had known for some time about the existence of that witness and had failed seek discovery as to his identity prior to trial.
¶ 5. The trial court agreed that the matter would have been appropriate for pretrial discovery and sustained the State’s objection. Hicks attempted to make the same argument when cross-examining Baker, but the trial court once again declined to force the witness to reveal the identity of the anonymous guardsman. Such information was consequently never revealed. Hicks was convicted, and on appeal he asserts that the trial court’s refusal to compel the release of the identity of the national guardsman who filmed the crime violated his Sixth Amendment right to confront adverse witnesses.
ANALYSIS
I. RIGHT OF CONFRONTATION
¶ 6. Hicks now repeats his argument that in allowing both deputies to refrain from testifying as to the identity of the anonymous national guardsman, the trial court denied him his Sixth Amendment right to confront adverse witnesses. We disagree. As noted by the State, both at trial and on appeal, and by the lower court at trial, Hicks never sought discovery on *306 this matter prior to trial, even though he had knowledge that other witnesses were present at his arrest.
¶ 7. “[T]he purpose of the confrontation clause is fulfillment of the ‘mission ... to advance the accuracy of the truth determining process ... by assuring that the trier of fact has a satisfactory basis for evaluating the truth of a prior statement.’ ” Jordan v. State, 728 So.2d 1088, 1097 (Miss.1999) (quoting Lanier v. State, 533 So.2d 473, 488 (Miss.1988)). Upon examination of the full record, we fail to see where Hicks suffered any prejudice in being deprived of the identity of the national guardsman. He was given the opportunity to cross-examine both deputies extensively regarding the circumstances surrounding his own arrest. The name of the guardsman was simply irrelevant. Hicks had, at no time prior to the cross-examination of Deputy Doss, sought the identity of any of the guardsmen present during his arrest. Hicks does not present any theory as to any particular prejudice that he suffered as a result of being deprived of the guardsman’s identity. Bracey v. State, 724 So.2d 1028, 1031 (¶ 9) (Miss.Ct.App.1998). In fact, “[biased on the testimony of the officers present at the [crime], it is difficult to imagine that the [guardsman] would have information which would be beneficial to the appellant.” Id.
¶ 8. The record indicates that the only matter to which the guardsman could have effectively testified would have been the videotaping of the crime. However, both deputies testified extensively concerning the events surrounding the videotape. As such, the videotape was “properly and sufficiently qualified for admission by such testimony.” Lowery v. Illinois Cent. Gulf R. R., 356 So.2d 584, 585 (Miss.1978).
CONCLUSION
¶ 9. For these reasons, we find that the trial court did not err in declining to compel the testifying deputies to reveal the name of the national guardsman that assisted them in the operation that led to Hicks’s arrest. The conviction is therefore affirmed.
¶10. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF THEFT OF ANHYDROUS AMMONIA AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO AND ONE HALF YEARS TO BE SERVED UNDER POST RELEASE SUPERVISION IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.