THOMAS, J.,
for the court.
¶ 1. Jerry Kincaid was convicted of the sale of a controlled substance in the Circuit Court of Leake County and sentenced to two consecutive three year terms and ordered to pay a fine in the amount of $1,500 along with all court costs. Aggrieved, he asserts the following issues:
I. THE TRIAL COURT ERRED IN NOT REQUIRING THE STATE TO DISCLOSE THE NAMES OF THE CONFIDENTIAL INFORMANTS IN VIOLATION OF THE CONFRONTATION CLAUSE UNDER THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
II. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR DIRECTED VERDICT.
*107 III. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR A JUDGEMENT NOTWITHSTANDING THE VERDICT.
IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT’S MOTION FOR A NEW TRIAL.
Finding no error, we affirm.
FACTS
¶ 2. On December 8, 2000, agents with the Mississippi Bureau of Narcotics held a pre-buy meeting in Leake County, Mississippi. Along with the agents at the meeting were two confidential informants and the Leake County Sheriff. Agent Sandy Townsend was given a tape recorder and “wired” for sound. She then left with the two informants and went to a house on Ruben Road. Upon arrival at the house, one of the informants went inside and then returned to the car. All three then entered the house.
¶ 3. Inside the house, several men were playing dominos and there were other people throughout the house. Townsend was introduced to Jerry Kincaid, and one informant told Kincaid that Townsend wanted to purchase marijuana. According to testimony at trial, Kincaid asked how much marijuana Townsend wanted and she replied by holding up four fingers and saying, “I want four,” meaning four ten dollar “dime” bags.
¶ 4. Kincaid told Townsend that he normally searched buyers who wanted more than three bags at a time, but he did not search Townsend. He took a package of cigarettes out of his pocket and then removed four bags which he passed to the informant who in turn gave them to Townsend. Townsend gave Kincaid forty dollars and she left with the two informants. They went to a post buy meeting where the bags were given to another officer. The substance in the bags was indeed found to be marijuana.
¶ 5. On January 25, 2001, Kincaid sold another four bags of marijuana to a Bureau of Narcotics Agent in a similar controlled buy which included the assistance of a confidential informant. In this sale, Kincaid handed the bags directly to the agent rather than to the informant. The first sale netted 5.5 grams of marijuana, and the second sale totaled 6.0 grams.
¶ 6. Kincaid was arrested for the sale of marijuana. At trial, Agents Sandy Townsend, Elonzo Banks, Claire Gremillion, Joey Mayes, and Brandi Goodman with the Mississippi State Crime Laboratory testified for the State as to the events that occurred and the identification of the substance obtained from Kincaid. In his defense, Kincaid presented two witnesses who testified that they were present when the agent and the confidential informants came by both on December 8 and January 25. They testified that when asked to sell marijuana, Kincaid told them he had none. At the close of trial, the jury found Kincaid guilty on both counts.
ANALYSIS
I. DID THE TRIAL COURT ERR IN NOT REQUIRING THE STATE TO DISCLOSE THE NAMES OF THE CONFIDENTIAL INFORMANTS IN VIOLATION OF THE CONFRONTATION CLAUSE UNDER THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS?
¶ 7. Kincaid alleges that the trial court erred in not requiring the State to disclose the names of the confidential informants. The State admits that since the informants were actual participants in and witnessed the sale, their identity should be *108 made known to the defense upon its request. Arnett v. State, 532 So.2d 1003, 1007-1008 (Miss.1988); Read v. State, 430 So.2d 832, 836 (Miss.1983). The State argues that the defense was given a disclosure which by its own admission it failed to investigate, and that Kincaid’s Constitutional rights were therefore not violated.
¶ 8. At trial, the defense questioned one of the State’s witnesses as to the identity of the confidential informants. The witness declined to identify the informants unless ordered to do so by the trial court. The trial court then held a hearing outside the presence of the jury. During the hearing, the prosecutor informed the court that the State had previously “identified” the confidential informants during discovery over a year before by disclosing the “identification number” of one informant and the fact that the other was “uncoded.” The prosecutor then argued that since the defense had not previously pursued identification of the informants and that he did not intend to call them as witnesses, the informants did not need to be identified in open court. The prosecutor stated that he had no objection if the defense wished to speak with the informants and he thought they were both within the building at that time.
¶ 9. The defense admits that the prosecutor gave him the information regarding the “coded” and “uncoded” informants, and that it did not attempt to contact the Bureau of Narcotics as to the exact identity of the informants. The defense informed the trial court that Kincaid believed he knew who the informants were, thus no effort was made to contact the Bureau of Narcotics. The trial court considered the constitutional requirement of disclosure but also weighed this against whether a State’s witness could be compelled to name a confidential informant in open court. Since the informants were said to be present at the court house, the trial court ruled that it would not permit the defense to bring out the identity of the informants in open court, but the defense could take time to interview them. The defense however did not interview the informants.
¶ 10. The trial court relied on Bracey v. State, 724 So.2d 1028 (Miss.Ct.App.1998), in making its decision. In Bra-cey, the defense asked a witness to reveal the identity of a confidential informant; the State objected and the court sustained the objection. Bracey, 724 So.2d at 1033(¶ 23). On appeal, Bracey asserted that “where a confidential informant is present and actually participates in the commission of a crime, his identity shall be revealed when requested by a defendant.” Bracey, 724 So.2d at 1033(¶ 24) (quoting Hemphill v. State, 313 So.2d 25, 26 (Miss.1975)). This Court held that whether the identity of an informant must be revealed in open court is an entirely different matter. Id. If it is considered to be a violation of discovery, which is what the rule in Hemphill is about, then the proper remedy is to seek a continuance or waive the issue. Id. at 1033(¶ 25) (citing Dowbak v. State, 666 So.2d 1377, 1385 (Miss.1996)). The question therefore falls under admissibility of evidence, over which the trial judge has considerable discretion. Id. Absent a showing of prejudice, we cannot say that the trial judge abused his discretion in refusing to admit this proposed evidence. Id.
¶ 11. Kincaid makes no claim that the names of the informants would have provided any value to his defense. There was no showing that any defense turned on the identity of the informants. The defense did not avail itself of the opportunity to interview the informants when they were present in the courthouse. The safety and continuing viability of confidential informants were an important consider *109 ation of the trial court. The trial court’s decision to deny the defense’s request to provide the names of the confidential informants in open court is within its discretion. This issue is without merit.
II. DID THE TRIAL COURT ERR IN DENYING THE DEFENDANT’S MOTION FOR DIRECTED VERDICT?
III. DID THE TRIAL COURT ERR IN DENYING THE DEFENDANT’S MOTION FOR A JUDGEMENT NOTWITHSTANDING THE VERDICT?
¶ 12. Kincaid appeals from the denial of his motions for directed verdict and judgment notwithstanding the verdict, challenging the sufficiency of the evidence in support of his conviction. When reviewing a trial court’s denial of a motion for a directed verdict or JNOV, this Court considers “the sufficiency of the evidence as a matter of law ... in a light most favorable to the State.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). We will accept any credible evidence that supports guilt as true, granting the prosecution “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Wetz v. State, 503 So.2d 803, 808 (Miss.1987). This Court will only reverse where a reasonable, fair-minded juror could not have found one of the required elements of the crime. Gleeton v. State, 716 So.2d 1083, 1087(¶ M) (Miss.1998).
¶ 13. Kincaid argues that a reasonable juror could not have found him guilty based upon the agent’s testimony and the testimony of his witnesses. Kincaid also asserts that the swiftness of the jury, which took only fourteen minutes to reach a verdict, suggests that the jury was not reasonable and fair minded and had their minds made up during the trial. The evidence taken in support of the verdict included testimony of law enforcement personnel that purchased bags of a substance from Kincaid on two separate occasions. Tests of the substance confirmed that it was marijuana. Kincaid presented two witnesses who testified that he did not sell any marijuana,’ and he questions the State for not putting any audio tape or the confidential informants into evidence.
¶ 14. It has been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017(¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). As trier of fact, it was the jury’s duty to determine what evidence was to be believed and what evidence was to be disregarded. Mangum v. State, 762 So.2d 337, 347(¶36) (Miss. 2000). The evidence was sufficient for a reasonable juror to find Kincaid guilty of the sale of marijuana.
IV.DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING DEFENDANT’S MOTION FOR A NEW TRIAL?
¶ 15. Kincaid asserts that the trial court abused its discretion in denying his motion for a new trial. A motion for new trial challenges the weight of the evidence. McClain, 625 So.2d at 781. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000) (quoting Dudley v. State, 719 So.2d 180, 182(¶ 9) (Miss.1998)). On review, the State is given “the benefit of all favorable inferences that *110 may reasonably be drawn from the evidence.” Collins, 757 So.2d at 337(¶ 5) (citing Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992)). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Collins, 757 So.2d at 337(¶ 5) (quoting Dudley, 719 So.2d at 182).
¶ 16. Accepting as true all evidence favorable to the State, the record shows that the evidence involved in the case is overwhelmingly in the State’s favor. When reviewing the evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, the verdict was not against the overwhelming weight of the credible testimony. Accordingly, this issue lacks in merit, and the verdict of the jury will not be disturbed.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF COUNT 1, SALE OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS AND FINE OF $1,500; AND COUNT 2, SALE OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCES TO RUN CONSECUTIVELY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.