272 So.2d 917 (1973)
Gary SUMRALL
v.
STATE of Mississippi.
No. 47151.
Supreme Court of Mississippi.
February 5, 1973.
Lampkin Butts, E.R. Alley, Laurel, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
This is the second appearance of this case here. The decision of the Court on the former appeal is reported at 257 So.2d 853 (Miss. 1972).
Following remand, Sumrall was retried on the charge of selling and delivering marijuana, again convicted and sentenced to serve two years in the penitentiary.
The testimony of the witnesses on retrial as to the material facts differed in no significant particular from that given by them upon the original trial. There is little conflict in the evidence as to what occurred, and, therefore, no real dispute as to Sumrall's actions on the occasion in question. It was necessary only that the jury decide whether Sumrall acted innocently or whether he was an accessory in the sale of marijuana by Dozier to Mozingo and therefore that his involvement was criminal in nature. On the record, it is a close question as to whether or not the evidence of his guilt was sufficient to support the verdict of guilty. Ostensibly at least, Sumrall was aiding his friends, the purchasers, in buying the marijuana rather than Dozier, the seller. His possession of the marijuana was "fleeting," a word recalled from decisions in the days of prohibition. Fortuitously, he was sitting between the purchasers and the seller, and possessed the marijuana only momentarily in passing it from one to the other.
In reversing Sumrall's former conviction, this Court said:
[I]t should be pointed out that the district attorney in the trial of this case attempted to inject into the trial other matters which had nothing to do with the issue being tried. Although the court sustained the objections to these matters, on a retrial of the case the prosecuting attorney should refrain from doing or saying anything that would tend to cause the jury to find the defendant guilty due to matters other than evidence relative to the crime. (257 So.2d at 854).
*918 The same District Attorney handled the prosecution on the second trial and it is reasonable to assume that he was aware of these cautionary words. Moreover, he was familiar with the testimony of the witnesses touching the events leading up to and following the sale of the marijuana by Dozier.
In the former case, this Court also said:
Mozingo was also allowed to testify that he rolled some cigarettes from the marijuana he had bought the night before, appellant [Sumrall] rolled some cigarettes from the marijuana he brought with him, and that they, along with others, went into the living room and smoked the marijuana. The state also attempted to prove by this witness that he had procured marijuana from appellant on another occasion some months prior to the alleged offense charged. The court finally sustained appellant's objection to this testimony and instructed the jury to disregard it, but refused to grant a mistrial. (257 So.2d at 853).
While on direct examination by the District Attorney during the second trial, Mozingo testified:
Yes, sir, Gary Sumrall said that the day before or possibly the day before that  at any rate, this person by the name of Jack Dozier had accosted or asked him his name and he said to him, "I am Gary Sumrall," and he had sold Gary Sumrall some grass I believe and that they had been smoking it prior to this 
A timely objection was interposed and was overruled by the court, who nevertheless instructed the jury "to disregard that statement in its entirety about some previous sale." If it is assumed that this admonition was sufficient to remove from the jurors' minds the harmful effect of this testimony, the jury was not instructed as to the statement "that they had been smoking it prior to this." A motion for a mistrial at this time was also denied.
Following this incident, as the direct examination of Mozingo continued, the District Attorney interrupted the witness to ask what he, Mozingo, Sumrall, and the others, had been doing before they left the apartment. The witness answered, very much as he had done in the first trial, that they had passed around one of the cigarettes of marijuana.
Again there was an objection and a motion for a mistrial. The motion for a mistrial was again overruled but the court said: "I again caution the jury that this defendant is being tried on a charge of selling and delivering marijuana to a minor on or about the 2nd day of March, 1971, and that is the only thing he is being tried for, and I ask you again to disregard any testimony of any other offense this witness has mentioned."
The District Attorney, however, did not allow the matter to rest there. He stated to the witness, under the guise of a question, "now, at the apartment before the three of you left you were smoking marijuana? A Yes, sir." This highly prejudicial statement by the District Attorney was immediately objected to, the objection was sustained and the court said: "The same admonition applies." Notwithstanding this ruling, the District Attorney, still in the presence of the jury said: "If the Court please, we submit it is a part of the res gestae of the total overall situation, and for that reason it is competent and not in conflict with the law Mr. Butts has cited." But later on, when it appeared that further testimony of this type might be given, the District Attorney stopped the witness, the jury was retired, and the court cautioned the witness not to mention again Sumrall's connection with marijuana on any occasion other than that involved in the charge on which Sumrall was being tried. The District Attorney again insisted to the court, (but this time out of the hearing of the jury), that these other occasions were "part of the res gestae" and were competent as such. The court declined to adopt this view, the jury was returned and *919 the trial proceeded. On cross-examination of Sumrall, testifying as a witness in his own behalf, he was asked by the District Attorney "Who were you living with down there at Pascagoula? A The same friend I was living with in Meridian. Q Is that the little 15 year old girl ..." An objection was interposed and a mistrial requested. The court said: "I sustain the objection to that and direct the jury to disregard that and overrule your motion for a mistrial."
Notwithstanding that the question was about a wholly irrelevant and highly prejudicial matter, suggesting that Sumrall was immorally living with a 15 year old girl, many months after the date of the offense charged, and that the court had sustained the objection, the District Attorney again was not content to let the matter rest. He addressed the court as follows: "In other words, we can't question him about who he has been living with, your Honor?" The court's ruling had been clear and unequivocal and this statement could have had no other effect than to suggest to the jury that Sumrall had something to conceal with respect to the matter.
Careful consideration has forced us to conclude, on the basis of the entire record, that the repeated interjection of prejudicial matter, tending to show Sumrall guilty of other crimes and immorality, destroyed the possibility of a fair trial upon the charge in the indictment, and that this is true notwithstanding the court's admonitions. The very necessity for repeated admonitions in itself may, to some extent, at least, emphasize the objectionable matter which the jury, of course, has already heard, and fix it more firmly in the minds of the jurors. Without passing upon the form of the court's admonitions or upon their adequacy in any specific instance, the combination of all of the prejudicial matters adduced before the jury, including the gratuitous statements of the District Attorney in the presence of the jury after the court had ruled adversely, effectively denied appellant a fair trial. No inference is to be drawn from the conclusions here expressed that any one of the instances noted, in itself and alone, necessarily would have required reversal. It is the combination, in a close case such as this, that renders them fatally prejudicial.
The hideous nature of the drug traffic has aroused public feeling against pushers and dealers. But vigorous prosecution does not require, and fairness does not permit, that one charged with an offense in this area shall be loaded with prejudicial irrelevances. The commendable zeal of the District Attorney to convict those he believes guilty must never be allowed to blind either him or the courts to the necessity of affording to every man a fair trial.
The case must be reversed and remanded for another trial.
Reversed and remanded.
RODGERS, P.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.