478 So.2d 300 (1985)
E.D. TURNER
v.
STATE of Mississippi.
No. 55742.
Supreme Court of Mississippi.
October 9, 1985.
*301 Jimmy D. McGuire, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:
E.D. Turner stands convicted in the Circuit Court of Harrison County of the crime of sale of a controlled substance: Pentazocine, Miss. Code Ann. § 41-29-115(d)(6) (Supp. 1984), upon which he has been sentenced to twenty (20) years imprisonment. Miss. Code Ann. § 41-29-139(b) (Supp. 1984).
On this appeal Turner raises no question of the sufficiency of the evidence to support the judgment of conviction. Suffice it to say that the evidence establishes that on the afternoon of August 2, 1982, at the Peacock Inn in Gulfport, Mississippi, Bureau of Narcotics Agent Robert Turner (no relation to the defendant) purchased from E.D. Turner five "sets" of blues and T's for $10.00 per set  street language for PBZ and Talwin or more precisely, for Tripelennamine and Pentazocine.
Turner assigns error in that "numerous times throughout the trial, highly prejudicial and irrelevant questions/answers were elicited or volunteered over objections ..." Relying heavily upon Sumrall v. State, 272 So.2d 917, 919 (Miss. 1973), Turner argues that the prosecutor's zeal was excessive and that he loaded the proceedings with prejudicial irrelevancies. He seeks to aggregate or accumulate the "abuses" here to yield a Sumrall reversal. Most significant, we are told, is the prosecution's presentation to the jury of expert testimony regarding the nature of Pentazocine. Turner takes the position that in a prosecution under the Controlled Substances Act, all the prosecution is allowed to show is that the defendant possessed or sold, as the case may be, a substance which is controlled under the Act. The State is not so restricted, for in any criminal prosecution the State is entitled to tell "a rational and coherent story of what happened", Neal v. State, 451 So.2d 743, 759 (Miss. 1984), as is the defendant. In the context of a drug case, that reasonably includes proof regarding the nature of the drug, the manner in which it is used, the effect it has upon the individual who uses it and related matters.
Here the State proved that Pentazocine is customarily used "on the streets" with a noncontrolled substance, Tripelennamine. That a "set"  one tablet of each  is melted down and injected into the body and produces a heroin-like effect, i.e., addiction. We hold that such evidence is admissible in a prosecution under our controlled substances law, assuming, of course, that a proper predicate has been laid and the witness through whom the testimony is offered is properly qualified.
Beyond this, Turner complains that the prosecution was allowed to ask the investigating narcotics agent what he was doing in the area of the sale on August 2. The agent replied, "I was investigating drug traffic in the Gulfport, Mississippi area working in an undercover capacity." The question and answer are either meaningless or harmless. There is no error.
In short, while Sumrall most assuredly remains good law in this state, the facts of this case are wholly distinguishable. All of the questions and answers complained of being allowable under our rules of evidence, there certainly is no cumulative error as is suggested by Turner.
Next, Turner complains of the refusal of the trial judge to grant two jury instructions, D-6 and D-8, the effect of which would have been to require that the jury consider the testimony of an eyewitness [Agent Robert Turner] with great caution and that the jury require that eyewitness *302 identification testimony be positive and unequivocal. The point is disposed of by our recent decision in Robinson v. State, 473 So.2d 957, 962 (Miss. 1985) which holds that there is no rule of law or standard of evidence in this state which requires that identification testimony be viewed with caution or that juries be instructed to that effect. Indeed, we have cases holding that instructions such as those requested by Turner here should not be given. Clubb v. State, 350 So.2d 693, 697 (Miss. 1977); Hines v. State, 339 So.2d 56, 58 (Miss. 1976); Ragan v. State, 318 So.2d 879, 882 (Miss. 1975).
There being no other assignments of error, the judgment and sentence entered by the court below are affirmed.
CONVICTION OF SALE OF CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY (20) YEARS AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.