482 So.2d 239 (1986)
Donny BARRETT
v.
STATE of Mississippi.
No. 55252.
Supreme Court of Mississippi.
January 22, 1986.
Lee B. Agnew, Jackson, for appellant.
Edwin L. Pittman, Atty. Gen. by Robert D. Findley and DeWitt Allred, Sp. Asst. Attys. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROBERTSON and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court.
Donny Barrett was convicted by the Circuit Court of Scott County of sale and delivery of a Schedule I controlled substance, namely marijuana in an amount less than one ounce. Barrett was sentenced to serve a term of three (3) years in the custody of the Mississippi Department of Corrections and to pay a fine in the amount of $2,000.00.
On December 7, 1982, Shirlene Anderson, an undercover agent for the Mississippi Bureau of Narcotics, and an unidentified female informant went to appellant's apartment. The two women asked him about purchasing some marijuana. He said he did not have any but took them to another apartment in the same apartment complex where Barrett obtained two small plastic bags of marijuana from the occupant of the apartment, a black female named "Pat," and gave them to Anderson and the informant. Anderson gave Barrett $20.00 on *240 the way to the apartment to pay for the marijuana.
On appeal, the appellant assigns the following as error:
THE TRIAL COURT ERRED IN OVERRULING THE FOLLOWING MOTION OF THE DEFENDANT:
The defense moves respectfully to require the prosecution to furnish the name of the confidential informer and her address, as well as require the prosecution to secure the appearance of said confidential informer upon the trial of this cause for the reason that the confidential informant took part in the alleged activity of the law enforcement officers and thereby became a witness to the facts constituting the alleged crime.
The day before the trial was scheduled to begin, appellant filed a motion to require disclosure of the identity and location of the female informant-participant. The district attorney conceded that the appellant was entitled to this information but presented testimony from the law enforcement personnel involved in the investigation that the identity and whereabouts of the informant was unknown.
The question on appeal is whether the State made a good faith effort to disclose the informant's identity and whereabouts. We think not.
Appellant argues that the trial court erred in overruling the motion for disclosure and not granting a continuance.
In Copeland v. State, 423 So.2d 1333 (Miss. 1982) we held the burden is on the State in a proper case to make a good faith effort to disclose the identity and location of the informer. Both parties to this appeal cite Copeland, which states:
This Court has recognized that the state in certain cases is required to disclose a confidential informant's identity, e.g., Hemphill v. State, 313 So.2d 25 (Miss. 1975), but there are no Mississippi cases which precisely address the extent and nature of the state's duty with respect to its efforts to produce a confidential informant. At a minimum, if the circumstances dictate disclosure of the identity of an informant, the state must, in good faith, disclose all information in its possession, including that of location. It would indeed be serious misconduct on the state's part to withhold or falsify such information. United States v. Williams, 496 F.2d 378 (1st Cir.1974). Moreover, in the proper circumstances, the state may acquire a duty to affirmatively show, on timely demand, its good faith. Those circumstances are not easily stated and should be developed on a case-by-case basis. See United States v. Diaz, 535 F.2d 130 (1st Cir.1976); Williams, supra. However, the duty cannot be extended to the point that it becomes incumbent on the state to guarantee the informant's presence at trial.

In the present case there is no intimation of bad faith on the state's part. The appellant did not seek to show that the state had deliberately withheld information or acted in bad faith in its compliance with the court order to furnish any available information. Absent such a showing we cannot say that the appellant's rights were violated. (Emphasis added)
423 So.2d at 1335-1336
In our opinion, the evidence of the State  the testimony of Shirlene Anderson and Steve Campbell from the Mississippi Bureau of Narcotics that they did not know the confidential informant's whereabouts and did not have a file on her as is the customary procedure; and, the testimony of Sheriff Glenn Warren of Scott County that he did not know who she was or her whereabouts although he had written her name on a piece of paper but could not find it  does not constitute a good faith effort to produce this information to the appellant. It was therefore error for the trial court to overrule appellant's motion for a continuance and error not to direct the State to conduct a more thorough investigation as to the confidential informant's identity and whereabouts.
*241 For the above reason the cause is reversed and remanded to the lower court for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.