501 So.2d 350 (1987)
E.D. TURNER
v.
STATE of Mississippi.
No. 56725.
Supreme Court of Mississippi.
January 7, 1987.
Jimmy D. McGuire, Kelly C. Walker, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
When in the context of a criminal proceeding the prosecution is required to disclose to the accused the name of a confidential informant is a subject upon which this Court has uttered on a number of occasions in recent years. Apparently, however, our prior decisions have not made clear one nuance of our discovery rules, for on today's facts we find that the prosecution was obligated to disclose the name of the informant but didn't. Beyond that, the trial court relied upon impermissible considerations in refusing to grant the accused a continuance so that he might have a reasonable opportunity to locate, interview and obtain the testimony of the witness/informant. We reverse and remand.

II.
Today's cast of characters includes three suspected drug vendors and three associates of the Mississippi Bureau of Narcotics. Occupying center stage is E.D. Turner, Defendant below and Appellant here. Because Turner's motion for severance was granted, he was tried alone without his codefendants, Eddie Smith and Ted McLaurin. The controlled substance, subject of the alleged barter, is pentazocine, which is combined with another substance, tripelennamine, which is not a controlled substance. The street name for this set" is "T's and blues."
On October 27, 1982, undercover agent Reginald Gage  accompanied by Shirlene Anderson of the Bureau of Narcotics, Cathy Johnson, a confidential informant, and Eddie Smith, a codefendant  went to the Peacock Lounge in Gulfport, Mississippi, to *351 purchase drugs. Gage and Smith went into the lounge. Shirlene Anderson and Cathy Johnson remained in the car parked near the entrance of the lounge, but nevertheless witnessed a vital part of the transaction to come, which took place in the open doorway of the lounge.
Inside the Peacock Lounge Reginald Gage and Eddie Smith approached Appellant E.D. Turner.[1] Gage testified that Smith received four sets of T's and blues from Turner. Turner then left the building. Codefendant Ted McLaurin approached and handed Smith six more sets of T's and blues. Gage testified that Smith then handed McLaurin a $100.00 bill. Then Gage and Smith left the lounge.
Gage testified that, as he was returning to his car, he saw Turner come from the residence that was approximately 10 to 20 feet from the lounge. Gage saw McLaurin meet Turner in the doorway of the lounge and hand Turner a bill, the denomination of which he could not see. Agent Shirlene Anderson and confidential informant Cathy Johnson had remained in the car with the windows down and watched this last transaction, the alleged exchange of money between McLaurin and Turner. At trial Anderson testified that she saw McLaurin hand Turner something green but that she did not know what it was. Significantly, the existence of the other possible eyewitness, confidential informant Cathy Johnson, was not disclosed by the prosecution until after the trial had begun. The prosecution did not call Johnson as a witness.
In any event, Turner's October 26, 1984, trial resulted in a jury verdict that he was guilty of the unlawful sale of a controlled substance, to-wit: pentazocine, Miss. Code Ann. § 41-29-115(d)(6) (Supp. 1986). In due course the Circuit Court sentenced Turner to twenty (20) years imprisonment. Miss. Code Ann. § 41-29-139(b) (Supp. 1986). This appeal has followed.

III.
Turner first assigns as error the action of the Circuit Court in denying his request for a peremptory instruction at the end of all of the evidence and his subsequent post-trial motion for judgment of acquittal notwithstanding the verdict. Here, of course, Turner challenges the legal sufficiency of the evidence to sustain a verdict at all. The point need not detain us. By reference to the description of the facts set forth in Section II above, and having in mind our familiar rule that the evidence must be viewed in the light most favorable to the verdict, this assignment of error must be denied. Williams v. State, 463 So.2d 1064, 1067-68 (Miss. 1985). See also Griffin v. State, 480 So.2d 1124, 1125-26 (Miss. 1985); Turner v. State, 478 So.2d 300, 301 (Miss. 1985); Burnham v. State, 467 So.2d 946, 947 (Miss. 1985); McGowan v. State, 375 So.2d 987, 990 (Miss. 1979).

IV.
Turner also assigns as error the failure of the prosecution to comply with our discovery rules. The particular sin charged is the prosecuting attorney's pre-trial failure to disclose the name of Cathy Johnson, a confidential informant, followed by the Circuit Court's mid-trial failure to grant Turner a continuance to afford Turner a reasonable opportunity to locate Johnson and interview her.
Our familiar criminal discovery rule, Rule 4.06(2), Miss.Unif.Crim.R.Cir.Ct.Prac., requires disclosure of the identity of an informant where the informant is an "eyewitness to the event or events constituting the charge against the defendant." On April 22, 1983, Turner filed a request for discovery under Rule 4.06, seeking inter alia,
the name of the alleged informant(s), their current address and telephone number *352 and any and all other related information,
.....
By virtue of this request, Turner became entitled to disclosure, reasonably in advance of trial, of the name of any confidential informant who witnessed all or part of the transaction(s) constituting the crime charged.
On October 26, 1984, some 18 months following Turner's discovery request, this case was called for trial. At trial, as indicated in Section II above, it became apparent that Cathy Johnson had played the role of a confidential informant and that Johnson had in fact been a witness to Turner's payment of the purchase price of the T's and blues. Narcotics Agent Gage acknowledged that Johnson had been a paid informant. Once all of this was disclosed, defense counsel requested "a continuance in order to locate this Cathy Johnson, have her subpoenaed and brought into court."
The record reflects that the trial judge was wholly familiar with the general rule regarding the prosecution's obligation to disclose the identity of confidential informants. He inquired into the matter and determined that the prosecution's latest information was that Cathy Johnson moved to the Vicksburg area some ten months to a year previously but that contact with her had been lost after she left Vicksburg. The trial judge took the view that, absent information concerning Johnson's present whereabouts, there was no reason to believe that the granting of a continuance would profit anyone anything. He stated to defense counsel "... what am I going to do if I continue this case [until] a year from today. It doesn't appear likely that we are going to find her." Defense counsel responded that, inasmuch as he had just learned of Johnson's name, he was simply entitled to a reasonable "opportunity to try to locate her." The trial judge then reiterated his quite correct understanding that the identity of this informant, Cathy Johnson, should have been disclosed under the rules but nevertheless proceeded to overrule the motion for a continuance. In this he erred.
We have addressed this point on numerous occasions, see, e.g., Ray v. State, 503 So.2d 222, 224 (Miss. 1986); Breckenridge v. State, 472 So.2d 373, 377 (Miss. 1985); Wilson v. State, 433 So.2d 1142, 1144-45 (Miss. 1983); Daniels v. State, 422 So.2d 289, 292 (Miss. 1982); Sims v. State, 313 So.2d 27 (Miss. 1975); Hemphill v. State, 313 So.2d 25 (Miss. 1975). Barrett v. State, 482 So.2d 239 (Miss. 1986) is our most recent decision on facts quite close to the case at bar. Barrett held that it was error for the trial court to deny the defendant's motion for a continuance where the prosecution had failed to disclose the identity of a confidential informant who had witnessed a purchase of marijuana, the subject of the trial.
We hold, upon these facts and in this procedural context, that upon receipt of the discovery request from defense counsel, the prosecution became further obligated to disclose the identity of Cathy Johnson and whatever information the prosecution had regarding her whereabouts. The prosecution was obligated to make this disclosure sufficiently far enough in advance of trial so that Turner and his counsel would have had a meaningful opportunity to locate Johnson and interview her and, if necessary, make arrangements for her presence at trial. It matters not that the prosecution had lost track of Johnson. The accused and his counsel were entitled to a reasonable opportunity to employ their own resources to locate Johnson.
A mid-trial request for a continuance in this context may not be denied on grounds that defense cannot show that the continuance would enable him to locate the missing confidential informant  for the obvious reason that the defendant did not know of the confidential informant's name or have any information at all concerning her last known residence until the mid-trial disclosure. Because the prosecution failed to make the disclosure required under Rule *353 4.06(2) and because the trial judge refused to grant the continuance, although same was timely and properly requested by the accused, the judgment of conviction and sentence imposed thereupon must be reversed, and this case must be restored to the active docket of the Circuit Court of Harrison County, Mississippi, for a new trial.
REVERSED AND REMANDED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] This is not the first time Turner has been charged with selling T's and blues in the Peacock Lounge. Turner v. State, 478 So.2d 300 (Miss. 1985) (conviction and 20 year sentence affirmed).