# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-KA-01555-SCT

*GARRETT EUGENE RAY a/k/a GARRETT E. RAY
a/k/a GARRETT RAY*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2016 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | THERESSIA AUDREY LYONS |
| | MATTHEW DRAKE BURRELL |
| | JIM L. DAVIS, III |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: ERIN ELIZABETH BRIGGS |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/18/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE KITCHENS, P.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Garrett Eugene Ray's appointed appellate counsel filed a ***Lindsey*** brief, certifying she

had thoroughly examined the record and found no arguable issues supporting Ray's appeal.[1]

---

[1] *See **Lindsey v. State**, 939 So. 2d 743, 748 (Miss. 2005) (appellate counsel must
certify that he or she has thoroughly examined the record, and that there are no arguable

Ray has opted to file a pro se brief. In it, he argues the crack cocaine found in a cigarette pack he tried to discard when approached by officers was unlawfully obtained. He also insists the State violated his constitutional right to confront an informant who provided information to narcotics officers, leading to his drug arrest. This Court disagrees with both of Ray's assertions.

¶2. Ray abandoned the cocaine by throwing it out of his vehicle's window. Thus, the drugs were not seized in violation of the Fourth Amendment. Furthermore, the informant did not testify and was not an eyewitness to or a participant in Ray's drug possession. Nor were the informant's statements used against Ray. So the State was not obligated to disclose his or her identity, and there is no Sixth Amendment Confrontation Clause violation.

¶3. We affirm.

**Background Facts and Procedural History**

¶4. Investigators with a Stone County narcotics task force received a tip from an informant about an unknown individual offering to sell crack cocaine. On January 15, 2013, Investigators Aaron Grob and Chris Ory met with the informant. The investigators directed the informant to arrange, by phone, a drug sale with this individual for later that day. The drug sale would take place at a gas station on Highway 49 in McHenry, Mississippi.

¶5. Testimony from a pretrial hearing showed the informant called Grob and Ory and told them that a black male, driving a white SUV, would be traveling from Harrison County into Stone County. And the SUV would park on the north side of the gas station's parking lot.

---

issues supporting the defendant's appeal).

Investigators Grob and Ory were given the dealer's phone number. Grob and Ory left the task force office and traveled to McHenry, Mississippi. The informant was not with them.

¶6. The investigators set up surveillance at McDaniel's Country Store across Highway 49 from the gas station. Less than an hour later, they spotted a black male driving a white Toyota Sequoia pull into the gas station parking lot. The driver parked on the gas station's north side. The vehicle had a Harrison County license plate, matching the description the investigators had received.

¶7. Investigators Grob and Ory drove across Highway 49 from McDaniel's to the gas station. Ory got out of the vehicle and approached the SUV from the front. Meanwhile, Grob drove around the gas station and parked behind the SUV. Grob called the number provided by the informant. He then watched the driver answer a cell phone and begin speaking. Ory also observed Grob make the call and saw the driver answer a cell phone and begin speaking.

¶8. At this point, Grob got out of his vehicle and approached the SUV on the passenger's side. The investigators were in plain clothes but had their badges visibly displayed around their necks. Both identified themselves as law enforcement. The driver's attention was focused on Grob. Not seeing Ory approach from the front driver's side, the driver threw a green Newport cigarette pack out the driver's window. The cigarette pack hit Ory in the chest, and he caught it in his hands.

¶9. The investigators then removed the driver from the SUV, handcuffed him, and explained why they were detaining him. At trial, both investigators identified Ray as the

3

driver.

¶10. Ray initially claimed they had "the wrong guy." But he immediately backtracked and said "you've got me, sir." Once Ray was in handcuffs, Ory and Grob opened the cigarette pack and found two individually wrapped, rock-like substances, along with some cigarettes. A field test identified the substances as "cocaine base."

¶11. Ray was taken to the Stone County narcotics task force office and given a *Miranda* form.[2] Grob explained the form and Ray's *Miranda* rights. Ory observed Grob explain the form to Ray, and Ray sign the form, waiving his rights. Ray then gave an oral statement to Grob. He told Grob that he had recently begun manufacturing and selling crack cocaine. He admitted he had planned to sell the larger of the two rocks and either sell or use the smaller. On March 7, 2013, Chris Wise with the Mississippi Crime Laboratory tested the two individually wrapped rocks. He identified one as .3 grams and the other as 1.1 grams—both contained cocaine.

¶12. Ray was indicted on October 23, 2013, for possessing cocaine with the intent to distribute. On January 14, 2014, Ray waived arraignment and pleaded not guilty. On May 13, 2014, the State moved to amend Ray's indictment to reflect his habitual-offender status, citing four previous convictions for transfer of a controlled substance. Ray filed a motion requesting the State produce the confidential informant, alleging the informant was present and participated in the criminal activity.

¶13. On September 18, 2014, Judge Bourgeois heard testimony from Investigator Grob and

---

[2] *See **Miranda v. Arizona**, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

arguments on whether the confidential informant should be revealed. But Judge Bourgeois withheld a ruling. He gave Ray more time to present further arguments to the court. Neither the record nor the transcript contains the judge's ruling. However, Judge Bourgeois later referred to a ruling by Judge Clark denying Ray's motion to reveal the confidential informant. The informant was not an eyewitness at the gas station on January 15, 2013, and did not testify at Ray's trial.

¶14. Ray's first trial began on January 20, 2015, before Judge Clark. That same day, the State moved to amend Ray's indictment to include the cocaine's weight. Ray did not object to this amendment. Ray's first trial ended in a mistrial after the jury could not reach a unanimous verdict. So Ray was retried on September 20 and 21, 2016, before Judge Bourgeois. This time, the jury found Ray guilty of possessing cocaine with intent to distribute. Ray was sentenced as a habitual offender to sixteen years in the custody of the Mississippi Department of Corrections, to be served day-for-day.

¶15. Ray's appellate counsel has filed a *Lindsey* brief. She maintains there are no arguable issues for appeal. Ray chose to file a pro se brief, asserting: (1) he was denied the right to make a statement to the jury without taking the stand, (2) his arrest was the result of an unlawful search and seizure, (3) he was wrongfully denied the right to confront the confidential informant, and (4) his trial and appellate counsel were constitutionally deficient.[3]

---

[3] In his reply brief, Ray argues the audio recording of his phone call with the informant was illegally obtained, therefore any resulting evidence was tainted and inadmissible. Ray also argues that certain evidence—his oral statement made to Grob and the cigarette pack—should have been excluded by the trial court. But this Court does not consider issues raised for the first time in an appellant's reply brief. *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996) (citations omitted).

5

**Discussion**

### I.  Opening Statement

¶16.  Ray is correct that he had a right to make an opening statement "without impingement of his constitutional right against self-incrimination." *Trunell v. State*, 487 So. 2d 820, 826 (Miss. 1986).  But the trial judge never denied Ray this right.  Ray admits in his brief that his trial lawyer advised him against making an opening statement to the jury.  And Ray followed this advice.  In short, Ray never requested and was not denied an opportunity to make an opening statement.  Thus, there is no error.

### II.  Unlawful Search and Seizure

¶17.  Ray argues the evidence against him was unlawfully obtained because Grob and Ory did not have a search warrant.  He also insists he was illegally arrested.  Both of his assertions lack support.

#### *A.  Search and Seizure*

¶18.  Ray was neither under arrest nor had he been stopped and detained when Investigators Grob and Ory approached and identified themselves as law enforcement.  Rather, Ray *voluntarily* threw the cigarette pack out the driver's window.  Unbeknownst to him, Ory was standing near his driver's side window and watched Ray throw the pack.

¶19.  Ray's own acts disclosed the cigarette pack and its contents, so "there was no seizure in the sense of the law when the officers examined the contents . . . after it had been abandoned." *Hester v. U.S.*, 265 U.S. 57, 58, 44 S. Ct. 445, 446, 68 L. Ed. 898 (1924).  In *Harper v. State*, a defendant who had failed to comply with officers' instructions to stop, but

was not seized or arrested, discarded a matchbox containing cocaine. *Harper v. State*, 635 So. 2d 864, 867 (Miss. 1994). This Court deemed the drugs were abandoned and not the fruit of an unlawful seizure or arrest. *Id*. Similarly here, Ray had not been seized or arrested when he threw the cigarette pack out of his driver's side window. So there was no Fourth Amendment violation.

### B. Arrest

¶20. A warrantless arrest requires probable cause. *See Smith v. State*, 386 So. 2d 1117, 1119 (Miss. 1980) (citations omitted). "[P]robable cause, as the very name implies, [deals] with probabilities." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879 (1949). These probabilities "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id*. "Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Draper v. United States*, 358 U.S. 307, 313, 79 S. Ct. 329, 333, 3 L. Ed. 2d 327 (1959) (quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S. Ct. 280, 288, 69 L. Ed. 543 (1925)).

¶21. Here, Investigators Grob and Ory heard Ray set up a drug sale with the informant. Later that day, the informant called Grob and Ory and gave a description of the seller and the seller's vehicle. Grob and Ory observed an African-American man, driving a white SUV with Harrison County tags, park in the pre-arranged part of the gas station's parking lot—all

7

of which matched the informant's information. Grob pulled in behind the SUV and dialed the seller's number, which the informant had also provided. Both Grob and Ory saw Ray answer the phone and begin speaking to Grob. At that point, both investigators identified themselves and approached the SUV. Ray then threw his cigarette pack—containing the cocaine—out his driver's side window.

¶22. Between the informant's corroborated information and the officers' own observations, there were articulable facts within investigators' knowledge leading them to reasonably believe a person matching Ray's description had arrived at the gas station to sell cocaine. We see no error in Ray's arrest.

### III. Confidential Informant

¶23. Ray also argues the trial judge violated his Sixth Amendment right to confront the informant by not requiring the State to disclose his or her identity.

¶24. Citing *Turner v. State*, Ray argues that, because the confidential informant was an "eyewitness" to Ray's criminal activity, the State had a duty to disclose the informant's identity. *Turner v. State*, 501 So. 2d 350, 352 (Miss. 1987). In *Turner*, this Court reversed a trial judge who denied a continuance to locate a previously undisclosed informant who *was* an eyewitness to the hand-to-hand drug sale underlying Turner's criminal charges. After review, we find that *Turner* involved a much different scenario and is inapplicable here.

¶25. In this case, Ray's counsel filed a pretrial motion seeking disclosure of the informant's identity. The request was prompted by Ray's lawyer's erroneous belief that the informant was present when Ray was arrested and the drugs discovered. A pretrial hearing was held,

and testimony established that—unlike in *Turner*—the informant was not an eyewitness. Instead, the informant had arranged by phone for an individual—who had recently contacted the informant seeking to sell drugs—to deliver cocaine to the gas station. But the informant *was not* an eyewitness to nor a participant in Ray's drug possession at the gas station. Indeed, the informant was not even present when Ray arrived at the gas station, discarded the cocaine, and was arrested. After hearing this evidence, the trial judge denied Ray's request to disclose the informant's identity.

¶26. We review a circuit judge's ruling regarding disclosure of a confidential informant for abuse of discretion. *Hannah v. State*, 111 So. 3d 1196, 1200 (Miss. 2013) (citation omitted).

¶27. Uniform Rule of Circuit and County Court Practice 9.04(B)(2) explains:[4]

> Disclosure of an informant's identity shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose his/her identity will infringe the constitutional rights of the accused or unless the informant was or depicts himself/herself as an eyewitness to the event or events constituting the charge against the defendant.[5]

¶28. Again, there was no evidence the informant was an eyewitness to Ray's drug possession. And there were no allegations of entrapment, misidentification, or other similar claims necessitating disclosure. In short, neither Ray nor his attorney showed how the

---

[4] The rules governing disclosure of confidential informants have changed now that the Mississippi Rules of Criminal Procedure have taken effect. *See* Miss. R. Cr. P. 17.6(a)(2).

[5] *See also* **Esparaza v. State**, 595 So. 2d 418, 424 (Miss.1992) ("[T]he confidential informant did not witness the offense charged and did not serve as a witness in the proceeding. The informant merely provided data that established probable cause to support a search warrant. Under Mississippi law, that degree of connection with the crime charged constitutes too tenuous a link to justify disclosing the informant.")

informant's identity was material to Ray's drug possession. We see no abuse of discretion by the trial court. And Ray's Sixth Amendment right to confrontation was not violated.[6] However, even if denying disclosure was error, it was at most harmless, based on the overwhelming evidence of Ray's guilt, including his abandonment of the cocaine and confession.[7]

### IV.    Ineffective Assistance of Counsel

¶29.    Lastly, Ray argues both trial and appellate counsel were ineffective. While Ray asserts that appellate counsel ". . . has not attempted to fully argue all of the raised issues in the J.N.O.V.," he points to no failings or errors by trial counsel.

¶30.    The standard for considering ineffective assistance is the same for appellate and trial counsel. *Foster v. State*, 687 So. 2d 1124, 1138 (Miss. 1996) (citation omitted). To prevail on a claim of ineffective assistance of counsel, Ray must show: (1) his attorney's performance was deficient, and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984). To qualify as deficient, an attorney's performance must fail to meet "an objective standard of reasonableness." *Id*. at 687-88, 104 S. Ct. at 2064-65. There is a "strong presumption that

---

[6] To the extent Ray now raises hearsay challenges to Grob's and Ory's general testimony about tips they received about criminal activity, any objection was forfeited and lacks merit. Not only was there no objection, but even if there had been, "an informant's tip is admissible to the extent required to show why an officer acted as he did and was at a particular place at a particular time." *Swindle v. State*, 502 So. 2d 652, 657-58 (Miss. 1987).

[7] *See* **Delaware v. Van Arsdall**, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986) (finding "an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt").

counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689, 104 S. Ct. at 2065 (citation omitted). For prejudice to exist, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068.

¶31. Ray points to no purported deficiencies by trial counsel. And his appointed appellate counsel followed the correct procedure under *Lindsey*, 939 So. 2d at 748. We find Ray has not met his burden of showing deficient, prejudicial performance by either of his attorneys.

**Conclusion**

¶32. Ray abandoned the evidence he now complains of and the trial judge did not abuse his discretion in not requiring disclosure of the informant. If he did, the denial was at most harmless error. Furthermore, Ray fails to show his trial and appellate counsel were constitutionally deficient. We therefore affirm Ray's conviction and sentence.

¶33. **AFFIRMED**.

    **WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**