# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00506-SCT

*ESTATE OF WILLIAM GREENWOOD*

*v.*

*MONTPELIER US INSURANCE COMPANY,
DIXIE SPECIALTY INSURANCE COMPANY,
AND MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY f/k/a MONTPELIER US
INSURANCE COMPANY ("MUSIC")*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/13/2020 |
| TRIAL JUDGE: | HON. TONI DEMETRESSE TERRETT |
| TRIAL COURT ATTORNEYS: | B. BLAKE TELLER |
| | DREW McLEMORE MARTIN |
| | GALE NELSON WALKER |
| | KATHRYN BREARD PLATT |
| | CHUCK McRAE |
| | MARK W. VERRET |
| | THOMAS LYNN CARPENTER, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CHUCK McRAE |
| | ANNETTE ELISE BULGER MATHIS |
| ATTORNEY FOR APPELLEES: | MARK W. VERRET |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 10/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     William Greenwood was in the business of salvaging valuable materials from old

buildings.  Greenwood was insured by Mesa Underwriters Specialty Insurance Company

through a policy sold by Dixie Specialty Insurance. Greenwood was later sued by adjoining building owners who complained he had damaged their property, and Mesa denied coverage based, in part, on a policy exclusion for demolition work. Greenwood[1] later brought suit against his insurers alleging breach of contract and bad-faith denial of coverage. Greenwood averred that his business was actually "deconstruction" rather than demolition, but the trial court granted summary judgment to the insurers. We affirm.

**FACTS**

¶2.     Greenwood filed suit against his insurers in 2013. The case has been before this Court twice before on interlocutory appeals. In *Greenwood v. Mesa Underwriters Specialty Insurance Co.*, 179 So. 3d 1082, 1087 (Miss. 2015), this Court held that venue was proper in Warren County because "the dismantling of the Vicksburg building and the resultant lawsuit constitute[d] 'a substantial event that caused injury' pursuant to [Mississippi Code] Section 11-11-3(1)(a) [(Rev. 2004)]." And in 2018, this Court held that Greenwood had failed to properly serve process on Central Insurers of Grenada, which previously had been a defendant in this case. *Cent. Insurers of Grenada, Inc. v. Greenwood*, 268 So. 3d 493, 503-04 (Miss. 2018).

¶3.     This Court recited the underlying facts in its 2015 *Greenwood* decision:

> William Greenwood owned Antique Wood Company of Mississippi . . . , which was in the business of buying salvage rights to old buildings for the purpose of stripping and selling the buildings' lumber, bricks, and other materials. Greenwood obtained salvage rights to a Vicksburg postbellum building built in 1868 and sought a policy of insurance to cover "debris

---

[1] Greenwood died during the pendency of this litigation; but, for convenience, we will refer to his estate simply as "Greenwood."

2

removal." Central Insurers of Grenada, Inc. . . . , and Dixie Specialty Insurance, Inc. . . . , obtained policies on behalf of Greenwood through Mesa Underwriters Specialty Insurance Company . . . , formerly known as Montpelier U.S. Insurance Company . . . .

Greenwood's dismantling of the building resulted in a lawsuit filed by adjoining building owners, who claimed that damage had resulted "to an adjacent building and wall." One of the adjoining business owners had "requested the demolition be stopped as it was damaging and would continue to damage the adjacent property." Ultimately, the owners said, "the additional demolition caused substantial damage to the adjacent building." A coverage investigation by Montpelier resulted in a denial of coverage:

> Our investigation revealed several issues concerning coverage. The investigation revealed that you owned the building at the time you took out the policy and did not choose to insure the property at that time. The signed application states that your business is 100% debris removal. You told the inspector that spoke to [you] concerning your business that you only pick up legal landfill debris. The policy was written for debris removal only not the taking down of buildings. Furthermore, the building was owned by you and the resultant damage would arise out of the ownership, use[,] and maintenance of the premises you own, of which we do not insure and were never put on notice [ ]. For these reasons and the provisions in the policy we are unable to provide[ ] indemnity or defense for the above mentioned claim.

Aggrieved by the denial of coverage for indemnity or defense, Greenwood sued Mesa (then Montpelier), Grenada, and Dixie, in the Circuit Court of the First Judicial District of Hinds County, alleging breach of contract, conspiracy, and bad faith.

*Mesa*, 179 So. 3d at 1084-85 (footnote omitted) (some alterations in original).

¶4.    Following the previous two appeals, the trial court granted summary judgment to the insurers, holding that Greenwood's claim resulted from demolition work, which was excluded by a rider to his insurance policy. The trial court also granted summary judgment on Greenwood's claims of conspiracy and bad faith. Greenwood appeals.

3

## DISCUSSION

¶5.    Greenwood enumerates his issues as follows (with some alterations for clarity):

1.    **The trial court erred by summarily dismissing Greenwood's breach-of-contract claim.**

2.    **The court improperly weighed the evidence and usurped the role of the jury when it determined that Greenwood's work clearly was "demolition" and was excluded by the 2009 renewed policy.**

¶6.    We address Greenwood's first two issues together. Greenwood contends that the trial court erred by granting summary judgment on the question of whether his insurance carrier breached the insurance policy/contract by denying coverage. Specifically, Greenwood contends that the trial judge relied on a "demolition rider" that excluded coverage for losses occurring during certain forms of demolition. This endorsement read as follows (in relevant part):

**Exclusion - Demolition**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

In consideration of the premium charged at the inception or the effective date of the endorsement when the classification is added to the policy, it is understood and agreed that we do not pay for damages because of:

1.    "Property damage" to any abutting, adjoining, common or party wall;

2.    "Bodily injury" or "property damage" arising out of the use of a ball and chain or similar apparatus; or

3.    "Bodily injury" or "property damage" arising out of the demolition or wrecking on any building or structure which has an original height in excess of four (4) stories or 65 feet; or

4

4.    "Bodily injury" or "property damage" arising out of the existence or use of any explosives or explosive devices.

¶7.    On appeal, Greenwood contends that the trial court "usurped the role of the jury" by concluding he was engaged in "demolition." According to Greenwood, he disassembled buildings to salvage the materials, so his work was "deconstruction" rather than "demolition." He admits, however, that various parties, including himself, have referred to his work as "demolition" both while it was occurring and during the subsequent litigation.

¶8.    Greenwood's principal brief on appeal, however, fails to cite any authority in support of either of these first two issues. Greenwood also fails to articulate a standard of review. For those reasons alone, the Court finds the issues to be without merit. As this Court has recently held:

> This Court requires "that counsel not only make a condensed statement of the case but also support proposition with reasons and authorities in each case." *Holland v. State*, 705 So. 2d 307, 337 (Miss. 1997) (internal quotation mark omitted) (quoting *Roberson v. State*, 595 So. 2d 1310, 1318 (Miss. 1992)). "The law is well established that points not argued in the brief on appeal are abandoned and waived." *Arrington v. State*, 267 So. 3d 753, 756 (Miss. 2019) (citing *Collins v. City of Newton*, 240 So.3d 1211, 1221 (Miss. 2018)). "Failure to cite relevant authority obviates the appellate court's obligation to review such issues." *Id.* (internal quotation marks omitted) (quoting *Byrom v. State*, 863 So. 2d 836, 853 (Miss. 2003)).

*Summers v. Gros*, 319 So. 3d 479, 485 (Miss. 2021).[2]

_____

[2] It appears that Greenwood recognized this deficiency in its reply brief, in which it provided at least some authority in support; but an issue that is not properly supported in an appellant's principal brief denies the appellee a fair chance to respond and therefore will not be considered by this Court; "this Court does not consider issues raised for the first time in an appellant's reply brief." *GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 469 (Miss. 2021) (quoting *Ray v. State*, 238 So. 3d 1118, 1122 n.3 (Miss. 2018)).

¶9. Moreover, this Court could not find the trial court in error even if Greenwood's work had not been "demolition." The demolition endorsement quoted above excludes "'[b]odily injury' or 'property damage' arising out of the demolition or wrecking on any building or structure which has an original height in excess of four (4) stories or 65 feet," but that was not the sole basis for the motion for summary judgment. The rider also excluded *any* claims for damage to common walls, which was apparently what occurred here, regardless of the activity that produced the damage. Despite appearing in the demolition rider, the common-wall-damage exclusion is not limited to damage occurring during demotion and thus does not depend on the definition of "demolition." There was also the issue about Greenwood's application stating his business was "100% debris removal," about whether a claim was barred due to his ownership of the property at issue, etc. All of these were provided as reasons to deny coverage in the denial letter and were raised in the Defendants' motion for summary judgment. The trial judge may have found the demolition exclusion sufficient to dispose of the issue, but our standard of review is de novo; this Court considers the summary-judgment motion anew. ***Cottage Grove Nursing Home, L.P. v. Bowen***, 320 So. 3d 1222, 1223 (Miss. 2021). The appellant therefore has the burden to show that the trial court was wrong in granting summary judgment, not just that the reasons the trial court gave for granting summary judgment were wrong. *See, e.g.*, ***Kansler v. Miss. Dep't of Revenue***, 263 So. 3d 641, 655 (Miss. 2018). Greenwood's failure on appeal to brief these alternative bases for granting summary judgment precludes our review of the issue.

¶10. We conclude that Greenwood has failed to show error in his first two issues.

**3.** **Defendants breached their duty to exercise reasonable care in providing proper general-liability coverage for Greenwood's business.**

**4.** **The knowledge of the insurance agents or what they should have known about Greenwood's business should be imputed to Defendants.**

¶11. Greenwood's next two issues are based on his contentions that his first agent knew the nature of his business, that the second agent who purchased the first agent's business should be charged with the imputed knowledge of the first agent (the second agent sold him the insurance policy with the demolition-exclusion rider), and that the insurer should be liable for the negligence of its agents.

¶12. Both of these issues receive only cursory briefing, but unlike the first two issues, some authority is cited. Greenwood relies entirely on a single case, however, and he only cites half the holding. In *Mladineo v. Schmidt*, 52 So. 3d 1154, 1162 (Miss. 2010), this Court held that an insurance agent could be liable for negligent misrepresentations to a client. In that case, the agent had allegedly misrepresented to the insured that the covered property was not in a flood plain, when in fact part of it was. *Id.* But this Court was quite careful to limit the scope of that holding:

> We go further to clarify that, contrary to a minority of jurisdictions, we do not find that insurance agents in Mississippi have an affirmative duty to advise buyers regarding their coverage needs. The majority of jurisdictions have stated strong policy reasons for finding that an agent does not have an affirmative duty to advise the insured of coverage needs: insureds are in a better position to assess their assets and risk of loss, coverage needs are often personal and subjective, and imposing liability on agents for failing to advise insureds regarding the sufficiency of their coverage would remove any burden from the insured to take care of his or her own financial needs. However, we find that if agents do offer advice to insureds, they have a duty to exercise

7

reasonable care in doing so. A jury should be allowed to decide whether reasonable care was exercised here.

*Id.* at 1163 (footnotes omitted). The Court clarified, beyond any doubt, that an agent cannot be held liable for misrepresentations that could be cured by reading the policy: "These alleged omissions and misrepresentations are not barred by the 'imputed knowledge' of the policy because they are not misrepresentations that would have been disclosed by reading the policy." *Id.* at 1162-63; *see also* **Robichaux v. Nationwide Mut. Fire Ins. Co.**, 81 So. 3d 1030, 1041 (Miss. 2011) (discussing **Mladineo**).

¶13. Greenwood cannot rely on **Mladineo** because it expressly limits the liability of insurance agents to misrepresentations that cannot be cured by reading the policy, and the policy in this case expressly excluded coverage for demolition work on buildings over four stories, excluded coverage for damage to common walls, etc. "This Court has held as a matter of law that an insured is charged with the knowledge of the terms of the policy upon which he or she relies for protection." **Robichaux**, 81 So. 3d at 1041 (internal quotation marks omitted) (quoting **Mladineo**, 52 So. 3d at 1161).

> **5.    The trial court erred by summarily dismissing Greenwood's claim for breach of good faith and fair dealing because Mesa Underwriters Specialty Insurance Company failed to investigate the claim against Greenwood.**

¶14. In his final issue, Greenwood contends that the trial court erred by granting summary judgment on his cause of action for bad-faith denial of an insurance claim. "In order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a wilful

or malicious wrong, or acted with gross and reckless disregard for the insured's rights." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (Miss. 2003) (citing *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 641 (Miss. 1998)).

¶15.   Greenwood did not actually make a claim under his policy; one of the owners of the wall that was damaged, who eventually sued Greenwood, sent a letter to his insurance company, which considered it a claim.  That claim was promptly denied.

¶16.   On appeal, Greenwood has failed to show there was coverage under the policy; as discussed above, the claim was excluded by the policy.  That may not absolutely preclude a cause of action for bad-faith denial, but on appeal Greenwood points to nothing approaching "a wilful or malicious wrong" or "gross and reckless disregard for the insured's rights." *McKneely*, 862 So. 2d at 533 (citing *Grimes*, 722 So. 2d at 641).  The closest it comes is asserting that the insurer denied the claim without knowing the date of the occurrence.  But, first of all, that is not what the adjuster's affidavit said; he said the demand letter did not give a date of the loss, not that it was unknown at the time the coverage was denied.  Moreover, while it is true that the demolition rider was not part of the first policy issued to Greenwood, not all of the reasons given for the denial depended on the demolition exclusion.  As discussed above, the additional reasons for denial that did not depend on the demolition rider have not been briefed on appeal by Greenwood.

¶17.   We find no merit to Greenwood's contention that the trial court erred by granting summary judgment to the Defendants on his bad-faith denial claim.

¶18.   **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR**.